JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

MICHAEL J. ANGLEY, Individually and on Behalf of All Others Similarly Situated,

        Plaintiff,

    v.

UTI WORLDWIDE INC., *et al.*,

        Defendants.

CASE NO. 2:14-cv-02066-CBM-Ex

**ORDER RE: DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT[55]**

      Before the Court is Defendants' Motion To Dismiss Plaintiff Michael J. Angley's ("Plaintiff's") Second Amended Class Action Complaint ("SAC"). (Dkt. No. 55.)  The Motion is fully briefed.

## I.    STATEMENT OF THE LAW

**A.    Fed. R. Civ. P. 12(b)(6)**

      Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."

Dismissal of a complaint can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A formulaic recitation of the elements of a cause of action will not suffice. *Twombly*, 550 U.S. at 555. To conform to Federal Rule of Civil Procedure 8, the plaintiff must make more than "an unadorned, the-defendant-harmed me" accusation. *Iqbal*, 556 U.S. at 678. Labels and conclusions are insufficient to meet the Plaintiff's obligation to provide the grounds of his or her entitlement to relief. *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

On a motion to dismiss for failure to state a claim, courts accept as true all well-pleaded allegations of material fact and construes them in a light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031–32 (9th Cir. 2008). A court may only consider the allegations contained in the pleadings, exhibits attached to or referenced in the complaint, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

**B.      Pleadings Requirements for Section 10(b) and Rule 10b-5 Claims**

At "the pleading stage, a complainant stating claims under Section 10(b) and Rule 10b-5 must satisfy the dual pleading requirements of Federal Rule of Civil Procedure 9(b) and the [Private Securities Litigation Reform Act of 1995]." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009). Rule 9(b) governs all claims sounding in fraud, and requires that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind

1    may be alleged generally." Fed. R. Civ. P. 9(b). Thus, as applied to securities

2    claims alleging fraud, Rule 9(b) requires the false statement/omission be pled with

3    particularity. "Rule 9(b) applies to all elements of a securities fraud action,

4    including loss causation." *Oregon Pub. Employees Ret. Fund v. Apollo Grp. Inc.*,

5    774 F.3d 598, 605 (9th Cir. 2014).

6       The Private Securities Litigation Reform Act of 1995 ("PSLRA")

7    heightened the pleading standard applicable to putative class actions alleging

8    securities fraud on the basis of misleading statements or omissions by adding a

9    requirement that a plaintiff plead intent to defraud, otherwise known as scienter,

10    with particularity. 15 U.S.C. § 78u-4(b)(1) and (2). Section 78u-4(b) of Title 15,

11    regarding "requirements for securities fraud actions", provides, in relevant part:

> (1)    Misleading statements and omissions. In any private action arising under this title in which the plaintiff alleges that the defendant--
>
> > (A)    made an untrue statement of a material fact; or
> >
> > (B)    omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading;
>
> the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint ***shall state with particularity all facts on which that belief is formed.***
>
> (2)    Required state of mind. In any private action arising under this title in which the plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind, the complaint shall, with respect to each act or omission alleged to violate this title, ***state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.***

23    (Emphasis added.)

24       Rule 9(b) and the PSLRA therefore impose a burden on the plaintiff to

25    plead both falsity and scienter with particularity. *See Metzler Invest. GMBH v.*

26    *Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). On falsity, this

27    Circuit has reasoned that in "requiring specificity, [the PSLRA] prevents a

28    plaintiff from skirting dismissal by filing a complaint laden with vague allegations

of deception unaccompanied by particularized explanation stating *why* the defendant's alleged statements or omissions are deceitful." *Id.* at 1061 (emphasis in original). With respect to scienter, the Circuit has reasoned that "in order to state a claim for securities fraud that complies with the dictates of the PSLRA, the complaint must raise a 'strong inference' of scienter – *i.e.*, a strong inference that the defendant acted with an intent to deceive, manipulate or defraud." *Id.*; *see also Zucco Partners*, 552 F.3d at 990.

## II.   DISCUSSION[1]

### A.   Section 10(b) and Rule 10b-5 Claim (First Cause of Action)

#### 1.   Forward-Looking Statements

The Court finds that the following statements alleged in the SAC are forward-looking statements that fall within the Safe Harbor provision of the Securities Exchange Act (the "Act"), 15 U.S.C. § 78u–5(c)(1):

1)   ¶ 143 (page 63, line 23 to page 64, line 2);

2)   ¶ 143 (page 64, lines 3-16);

3)   ¶ 185 (page 94, lines 4-6);

4)   ¶ 185 (page 94, lines 7-11);

5)   ¶ 195 (page 104, lines 11-12);

6)   ¶ 209 (page 115, lines 26-27);

7)   ¶ 209 (page 116, lines 1-7);

8)   ¶ 209 (page 116, lines 12-17); and

9)   ¶ 209 (page 116, lines 18-19).

---

[1] The parties dispute whether the law-of-the-case doctrine precludes reconsideration of alleged statements which the Court held were forward-looking statements, corporate puffery, and/or immaterial. The Court need not reach the question of whether the law-of-the-case doctrine precludes reconsideration of those statements because the Court considers the allegations of the SAC as a whole. *Kelly v. Elec. Arts, Inc.*, 2015 WL 1967233, at *7 (N.D. Cal. Apr. 30, 2015).

**2.    Corporate Puffery**

The Court finds that the following statements alleged in SAC are non-actionable puffing that do not amount to a securities violation under the Act:

1)    ¶ 143 (page 64, lines 17-21);

2)    ¶ 174 (page 83, line 18);

3)    ¶ 174 (page 83, lines 19-23);

4)    ¶ 195 (page 104, lines 13-16);

5)    ¶ 195 (page 104, lines 17-21);

6)    ¶ 195 (page 104, lines 22-23);

7)    ¶ 195 (page 105, lines 1-3); and

8)    ¶ 209 (page 116, lines 8-11).

*See In re Cutera Sec. Litig.*, 610 F.3d 1103, 1111 (9th Cir. 2010); *Police Retirement Sys. of St. Louis v. Intuitive Surgical, Inc.,* 759 F.3d 1051, 1059 (9th Cir. 2014).[2]

**3.    Falsity**

The Court finds that Plaintiff fails to plead falsity with sufficient particularity with respect to the following statements:

1)    ¶ 158 (page 73, lines 7-9);

2)    ¶ 158 (page 73, lines 10-13);

3)    ¶ 158 (page 73, lines 14-18);

4)    ¶ 158 (page 73, lines 19-20);

5)    ¶ 174 (page 83, lines 24-27);

6)    ¶ 174 (page 84, lines 1-2);

7)    ¶ 174 (page 84, lines 3-5);

8)    ¶ 185 (page 94, lines 1-3);

9)    ¶ 185 (page 94, lines 12-14);

---

[2] None of the alleged statements which the Court has not found are forward-looking nor corporate puffery are immaterial.

10)    ¶ 185 (page 94, lines 18-20);

11)    ¶ 209 (page 116, lines 20-23); and

12)    ¶ 209 (page 116, lines 24-27).

*See* 15 U.S.C. § 78u-4(b)(1).

### 4.    <u>Confidential Witnesses/Scienter</u>

The Court finds that the following confidential witness statements alleged in the SAC are not sufficient to give rise to a strong inference of scienter because Plaintiff fails to plead with sufficient particularity facts demonstrating the confidential witness' personal knowledge of the information alleged:  Confidential Witness 1, Confidential Witness 2, Confidential Witness 4, Confidential Witness 5, Confidential Witness 6, Confidential Witness 7, Confidential Witness 9, Confidential Witness 10, Confidential Witness 11, Confidential Witness 12, Confidential Witness 13, and Confidential Witness 14.  *See* 15 U.S.C. § 78u-4(b)(2)(A); *Zucco Partners*, *LLC v. Digimarc Corp.*, 552 F.3d 981, 995-1000 (9th Cir. 2009).

The Court finds that the following confidential witness statements alleged in the SAC are not sufficient to give rise to a strong inference of scienter because Plaintiff fails to plead with sufficient particularity facts demonstrating actual statements indicative of scienter:  Confidential Witness 1, Confidential Witness 3, Confidential Witness 4, Confidential Witness 5, Confidential Witness 7, Confidential Witness 9, Confidential Witness 10, Confidential Witness 11, Confidential Witness 12, Confidential Witness 13, Confidential Witness 14, and Confidential Witness 15.  *See* 15 U.S.C. § 78u-4(b)(2)(A); *Zucco Partners*, 552 F.3d at 995-1000.

Having concluded that allegations regarding Confidential Witnesses 1 through 7 and 9 through 15 are not sufficient to create an inference of scienter, the Court finds that Plaintiff's allegations regarding Confidential Witness 8 fail to sufficiently allege scienter for all other statements not included in Sections A.1-

1   A.3 (hereinafter, the "Remaining Actionable Statements"). *See Metzler Invest.*

2   *GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1068 (9th Cir. 2008); *South*

3   *Ferry LP No. 2 v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008).[3]

4   **5.      Loss Causation**

5          The parties dispute whether the materialization of the risk theory applies in

6   determining loss causation.  "Typically, to satisfy the loss causation requirement,

7   the plaintiff must show that the revelation of that misrepresentation or omission

8   was a substantial factor in causing a decline in the security's price, thus creating

9   an actual economic loss for the plaintiff." *Nuveen Mun. High Income Opportunity*

10  *Fund v. City of Alameda, Cal.*, 730 F.3d 1111, 1119 (9th Cir. 2013) (internal

11  quotations and citation omitted).  The "materialization of the risk" theory,

12  however, "recognizes loss causation where a plaintiff shows that 'misstatements

13  and omissions ***concealed the price-volatility risk (or some other risk)*** that

14  materialized and played some part in diminishing the market value' of a security."

15  *Id.* at 1120 (emphasis added) (citation omitted).

16         The Ninth Circuit "has not adopted the materialization of the risk approach,

17  though district courts in the circuit have applied it."  *Id.* at 1122 n.5.  This Court,

18  however, "need not decide whether to endorse the [materialization of the risk]

19  approach here because Plaintiff has not sufficiently pled loss causation for the

20  Remaining Actionable Statements under the traditional or materialization of the

21  risk theory.  *Id.*

22         The Court finds that Plaintiff has not sufficiently pled loss causation under

23  the traditional approach because Plaintiff fails to sufficiently plead that the market

24  "learned of and reacted to th[e] fraud, as opposed to merely reacting to reports of

25  _____

26  [3] The Court's finding of a lack of scienter is further supported by Plaintiff's failure

27  to allege that any Defendants had any motive or profited from the alleged
    fraudulent statements.  *See Westley v. Oclaro, Inc.*, 897 F. Supp. 2d 902, 928

28  (N.D. Cal. 2012), *on reconsideration in part* (Jan. 10, 2013).

the defendant's poor financial health generally." *Loos v. Immersion Corp.*, 762 F.3d 880, 887-88 (9th Cir. 2014).

The Court also finds that Plaintiff fails to plead loss causation under the materialization of the risk theory because the SAC alleges that Defendants disclosed that implementation problems with 1View and Oracle could decrease cash flow, negatively impact clients, and adversely affect the Company. *Nuveen*, 730 F.3d at 1119-1120. (*See* SAC ¶ 158 (alleging that Defendants disclosed that the Company was "engaged in a multi-year business transformation initiative that involves risks, could result in higher than expected costs and/or could otherwise adversely impact our operations, profitability," that the Company may "experience difficulties consolidating our current systems" which "may impact our clients and our ability to efficiently meet their needs," and that "[i]f we are unable to recover a significant portion of these disbursements or if our clients do not reimburse us for these disbursements in a timely manner, we may experience losses and our cash flows and results of operations would be negatively impacted.").)

\*\*\*

Based on the Court's findings, the Court grants Defendants' Motion to Dismiss with respect to Plaintiff's Section 10(b) and Rule 10b-5 claim (First Cause of Action).

**B.      Control Person Liability, Section 20(a) Claim (Second Cause of Action)**

The Court also grants Defendants' Motion to Dismiss with respect to Plaintiff's claim under Section 20(a) of the Act (Second Cause of Action), because Plaintiff fails to plead an underlying securities law violation. *In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 711 (9th Cir. 2012).

**C.      Leave To Amend**

Plaintiff has filed three complaints in this action.  (Dkt. Nos. 1, 29, 54.)  The SAC fails to correct the deficiencies previously identified in the Court's Order dismissing the Amended Class Action Complaint (Dkt. No. 51).  Accordingly, the

Second Amended Class Action Complaint is dismissed with prejudice. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989).

### III.  CONCLUSION

The Court **GRANTS** Defendants' Motion, and **DISMISSES** the SAC **WITH PREJUDICE**.


**IT IS SO ORDERED.**


DATED:  November 12, 2015.            _____
                                      Honorable Consuelo B. Marshall
                                      United States District Judge