Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Damaris Hernández (*pro hac vice*)
dhernandez@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

David I. Hurwitz—Bar No. 174632
dih@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

*Attorneys for Defendants UTi Worldwide, Inc., Eric W. Kirchner, Richard G. Rodick and Edward G. Feitzinger*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

MICHAEL J. ANGLEY, *et al.*,

Plaintiffs,

v.

UTI WORLDWIDE, INC., *et al.*,

Defendants.

Case No. 2:14-CV-2066-CBM-E

**~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER**

Assigned to Hon. Consuelo B. Marshall

DISCOVERY MATTER

Assigned for Discovery Matters to Hon. Charles F. Eick

# I. BACKGROUND

Purposes and Limitations: Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section XII.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

Good Cause Statement: This action is likely to involve customer information and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions or common law. The public disclosure of such information could put the disclosing party at a competitive disadvantage and could cause material economic hardship. Accordingly, to

expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that no information will be designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## II. DEFINITIONS

1. Action: the above-captioned pending federal lawsuit.

2. Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

3. "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

4. Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

5. Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

6. Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

7. Expert: a person with specialized knowledge or experience in a matter pertinent to this Action who (1) has been retained by a Party or its Counsel

to serve as an expert witness or as a consultant in this Action and (2) is not a past or current employee of a Party or of a Party's competitor.

8. Identified Materials: disclosed documents subject to a claim of attorney-client privilege, work-product protection, or other applicable privilege or protection, and for which a Party or Non-Party seeks protection.

9. In-House Counsel: attorneys employed by a Party to perform legal functions. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

10. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

11. Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

12. Party: any party to this Action.

13. Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

14. Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

15. Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL".

16. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

17. SEC Confidential Material: any Disclosure or Discovery Material that was previously produced to the U.S. Securities and Exchange Commission ("SEC") by Defendant UTi Worldwide, Inc. ("UTi"), in connection with the SEC

investigation captioned "In the Matter of Uti Worldwide, Inc. (LA-4410)", and that was marked as confidential when produced to the SEC.

## III. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to a Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by the orders entered by the Court.

## IV. DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Confidentiality obligations with respect to Protected Material used at trial shall be governed by the orders of the trial judge.

## V. DESIGNATING PROTECTED MATERIAL

1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care, to the extent reasonably possible, to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. The Parties agree, however, that where it is not practicable or cost efficient to designate only parts of documents, items, or oral or written communications as Confidential, the entire document, item or oral or written communication may be so designated.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or changing the mistaken designation.

SEC Confidential Material shall be presumed to qualify for designation as Protected Material under this Order. Nothing in this Order shall impose a duty to re-examine whether SEC Confidential Material qualifies for designation as Protected Material unless that designation is challenged with respect to specific information or items.

2. Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section V.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix a legend indicating the material is "CONFIDENTIAL" to each page that contains Protected Material.[1]

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix to each page that contains Protected Material the appropriate legend indicating that the material is "CONFIDENTIAL."

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify, within 30 days following receipt of the final transcript of the deposition, hearing, or other proceeding, the specific portions of the testimony as to which protection is sought and specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days following receipt of the

[1] Any document produced in native format shall be produced with a single page Bates-stamped TIFF image slip-sheet stating the document has been produced in native format and noting the document's confidentiality designation.

final transcript shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards, that the entire transcript shall be treated as "CONFIDENTIAL."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that other parties can ensure that only authorized individuals who have signed the "Acknowledgement and Agreement to Be Bound" (attached hereto as Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored a legend indicating that the material is "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

3. Failures to Designate. If a Producing Party discovers that it produced material that was not designated as Protected Material or that it produced material

that was designated as Protected Material but had designated that Protected Material in the incorrect category of Protected Material, the Producing Party may promptly notify all Receiving Parties, in writing, of the error and identify (by production number) the affected material and its new designation or re-designation. Thereafter, the material so designated or re-designated will be treated as Protected Material in conformity with the new designation or re-designation. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. Each Receiving party shall make reasonable efforts to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy the incorrectly designated material. If corrected, the failure to designated qualified information or items as "CONFIDENTIAL" does not waive the Producing Party's right to secure protection under this Order for such material. If material is re-designated "CONFIDENTIAL" after the material was initially produced, each Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI. CHALLENGING OF CONFIDENTIALITY DESIGNATIONS

1. Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any reasonable time. Unless a prompt challenge to a Designating Party's confidentiality is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of this Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

2. Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, et seq. Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

3. Burden. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

1. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When this Action has been terminated, a Receiving Party must comply with the provisions of Section XIII below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

2. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Parties to this litigation (including Lead Plaintiff and any proposed or appointed Class Representative(s)) and the Parties' Outside Counsel of

Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-House Counsel) of the Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); provided that any part of a report created by such Expert incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that Experts may not use Protected Material for any purpose that does not relate to this Action;

(d) the Court and its personnel;

(e) court reporters and/or videographers and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; provided, however, that the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purpose;

(g) a witness who has been subpoenaed or noticed for deposition, trial testimony, or other court proceeding in this Action not otherwise authorized to view the Protected Material in question, during that witness' testimony at a deposition, hearing, or trial in this Action, or in preparation for the same; provided that (i) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purposes; (ii) the witness is not permitted to retain the Protected Material after the witness is examined regarding the Protected Material; (iii) the witness signs the "Acknowledgement and Agreement to Be

Bound" (Exhibit A); and (iv) the witness is explicitly informed by Counsel for the Party seeking to use the Protected Material that signing the Acknowledgement means that the witness is forbidden from disclosing the Protected Material except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order;

(h) relevant employees of any insurer to a Party to the extent that such disclosure is reasonably necessary for the defense of that Party in this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(i) special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(j) any other person agreed to by the Designating Party in writing; and

(k) any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" that Party must:

1. promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

2. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

3. cooperate with respect to all reasonable procedures sought by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## IX. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

1. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

2. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party.

3. If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## X. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

## XI. PROTECTION AND CLAWBACK OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The disclosure of a document subject to a claim of attorney-client privilege, work-product protection, or other applicable privilege or protection, whether inadvertent or otherwise, is not a waiver of privilege or of protection from discovery in this case or in any other federal or state proceeding. For example, the mere disclosure of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(d).

Upon notice that Identified Materials have been produced, the Identified Materials and all copies thereof shall be returned to the Producing Party or destroyed, deleted, or otherwise permanently removed from any systems used to house documents, including document review databases, e-rooms, and any other locations that store the document. In providing notice that Identified Materials have been produced, the Producing Party shall promptly provide the Receiving Party with an updated privilege log.

The Receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the Identified Materials are later designated by a court as not privileged or protected. The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of their contents before the notice was made. If the Receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the Receiving Party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

If a Receiving Party receives a document from a Producing Party which the Receiving Party believes is privileged or protected, the Receiving Party shall in good faith take reasonable steps to promptly notify the Producing Party of the production of that document so that the Producing Party may determine whether it wishes to have the document returned or destroyed pursuant to this Order.

To the extent documents produced in a prior litigation were retracted under a claim of privilege or other protection, the re-production of such documents in this case shall not be deemed a waiver of privilege or other protection.

## XII. MISCELLANEOUS

1. Right to Advise Client. Nothing in this Order shall prevent any Counsel from advising his or her client concerning this Action and, in the course of providing such advice, from referring to Protected Material.

2. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

3. Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

4. Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may not file the information in the public record unless otherwise instructed by the Court.

5. Shipping Protected Material. When any Receiving Party ships any Protected Material to others designated in this Order as authorized to receive Protected Material, the Receiving Party will encrypt any electronic data (if the Protected Material is in that format) and supply the password in separate correspondence to the recipient. If the Protected Material is in hard copy/paper form, the Receiving Party will ship the Protected Material using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the Receiving Party learns at any time that Protected Material may have been retrieved or viewed by unauthorized parties during shipment, it will immediately