# EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12
13
14

MICHAEL J. ANGLEY, Individually
and on Behalf of All Others Similarly
Situated,

Case No. 2:14-cv-02066-CBM-E

15

Plaintiff,

**STIPULATION AND
AGREEMENT OF
SETTLEMENT**

16

v.

17
18

UTI WORLDWIDE INC., et al.,

19

Defendants.

20
21
22
23
24
25
26
27
28

STIPULATION AND AGREEMENT OF SETTLEMENT
Case No. 2:14-cv-02066-CBM-E

This Stipulation and Agreement of Settlement (the "Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into among (i) Class Representative Stratesis, LLC ("Class Representative") on behalf of itself and the Class defined herein and in the Court's April 19, 2018 Class Certification Order (together, "Plaintiffs") and (ii) defendants UTi Worldwide Inc. ("UTi"), Eric W. Kirchner, Richard G. Rodick, and Edward G. Feitzinger (collectively, "Defendants"), by and through their respective counsel. Plaintiffs and Defendants are referred to herein as the "Settling Parties".

**WHEREAS,**

A.      All words or terms used herein that are capitalized shall have the meaning ascribed to those words or terms as set forth herein and in Paragraph 1 hereof entitled "Definitions";

B.      This Action was commenced on March 17, 2014 by plaintiff Michael J. Angley through the filing of a putative class action Complaint ("Complaint") alleging violations by Defendants of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder;

C.      By Order dated July 1, 2014, the Court appointed Michael Cutler as Lead Plaintiff in this Action and Federman & Sherwood as Lead Counsel for the proposed class and Green & Noblin, P.C. as Liaison Counsel;

D.      On September 5, 2014, Plaintiffs filed an Amended Complaint ("Amended Complaint") alleging, on behalf of a putative class of purchasers of UTi common stock, violations by Defendants of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder;

E.      On November 4, 2014, Defendants filed a motion to dismiss the Amended Complaint. On December 16, 2014, Plaintiffs filed an opposition to Defendants' motion to dismiss. On January 9, 2015, Defendants filed a reply in

support of Defendants' motion.  By Order dated June 10, 2015, the Court granted Defendants' motion to dismiss with leave to amend the Amended Complaint;

F.       On June 29, 2015, Plaintiffs filed a Second Amended Complaint.  On July 20, 2015, Defendants filed a motion to dismiss the Second Amended Complaint.  On July 27, 2015, Plaintiffs filed an opposition to Defendants' motion to dismiss.  By Order dated November 12, 2015, the Court granted Defendants' motion to dismiss with prejudice;

G.       On December 10, 2015, Plaintiffs filed a Notice of Appeal of the Order granting Defendants' motion to dismiss.  On June 22, 2016, Plaintiffs filed an opening brief before the Ninth Circuit Court of Appeals, and on September 21, 2016, Defendants filed an answering brief.  On June 7, 2017, the Ninth Circuit held oral argument and on August 17, 2017, the Ninth Circuit affirmed in part and reversed in part this Court's judgment dismissing the Second Amended Complaint, and remanded the case for further proceedings;

H.       Following remand, the Parties engaged in extensive discovery, including requests for production of documents and interrogatories.  As part of the discovery, Defendants ultimately produced more than one million pages of documents to Plaintiffs.  Plaintiffs received additional production, totaling approximately one million pages of documents, from various third parties upon whom Plaintiffs had served subpoenas *duces tecum*.

I.       On November 6, 2017, Plaintiffs and Defendants appeared before a private mediator, Robert A. Meyer, in contemplation of settlement.  In advance of the mediation session, the parties submitted detailed descriptions of their cases and defenses.  The mediation did not result in a settlement;

J.       On December 29, 2017, Plaintiffs filed a Third Amended Complaint naming Stratesis, LLC as Lead Plaintiff.  On January 2, 2018, Plaintiffs moved for

class certification and on February 12, 2018, Defendants opposed the motion for class certification;

K.     On April 10, 2018, the Court heard oral argument on the motion for class certification.  By Order dated April 19, 2018, the Court certified a class of "all persons and entities who purchased shares of UTi Worldwide Inc. common stock during the period from March 28, 2013 through February 25, 2014, inclusive, and were damaged by the alleged false and misleading statements," appointed Stratesis, LLC as the Class Representative, and appointed Federman & Sherwood as Class Counsel;

L.     On May 30, 2018, the parties once more appeared before private mediator Robert A. Meyer in contemplation of settlement.  In advance of the mediation session, the parties again submitted detailed descriptions of their cases and defenses, and voluminous collections of the evidence in support of their arguments.  At the time of the mediation, document production was substantially complete.  The Settling Parties, through Mr. Meyer, engaged in protracted negotiations before reaching agreement to resolve this matter for $13 million, inclusive of all costs, fees and expenses.  Thus, the Settling Parties acknowledge and agree that this Action is being voluntarily settled after advice of counsel;

M.     Class Representative and Class Counsel believe that the claims asserted in the Action, as reflected in the evidence developed to date, have substantial merit.  Nonetheless, Class Representative recognizes the expense and length of continued prosecution of the Action against Defendants through completion of discovery, trial, and any subsequent appeals, would be significant. Class Representative has also taken into account the uncertain outcome and risks of any litigation, especially in complex actions such as this one.  Based upon its investigation, considerable evidence gathered through discovery, consultation with

experts, and the assistance of the mediator as set forth above, Class Counsel represents that it concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Class Representative and the Class, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering (i) the substantial benefits that Class Representative and the members of the Class will receive from settlement of the Action as against Defendants, (ii) the attendant risks of litigation, and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation;

N.    Defendants represent that they have concluded that further conduct of this Action would be protracted and expensive, and that it is desirable that this Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation to limit further expense, inconvenience, and distraction, and to dispose of the burden of protracted litigation.  Defendants have also taken into account the uncertainty and risks inherent in any litigation; and

O.    Defendants have denied and continue to deny each and every allegation of wrongdoing that has or could have been asserted by or on behalf of Plaintiffs, including, but not limited to, all contentions concerning Defendants' business, conduct, and public statements, as well as contentions that any such conduct or events constitute wrongdoing or give rise to legal liability or have caused damage to Plaintiffs.  Defendants have not conceded or admitted any liability and disclaim any and all wrongdoing and liability whatsoever.  Further, this Stipulation, whether or not consummated, together with any proceedings related to any settlement, or any terms of any settlement, whether or not consummated, shall in no event be construed as or deemed to be evidence supporting, or an admission or concession on the part of any Defendant with

respect to any claim, or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in any of the defenses that any of the Defendants have or could have asserted.  Defendants state that they are entering into this Settlement (as defined below) solely in order to eliminate the burden, expense, uncertainty, and risk of further litigation, and to avoid the business disruptions associated therewith.

**NOW THEREFORE,** without any concession as to the merits of any Released Claim or any defenses thereto, it is hereby STIPULATED AND AGREED by and between the Settling Parties, through their undersigned counsel, subject to approval by the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure, that in consideration of the benefits flowing to the Settling Parties, all Released Claims as against all Released Parties shall be fully, finally, and forever settled, released, and discharged, and dismissed with prejudice, and without costs, as follows:

## I.    DEFINITIONS

1.    As used in this Stipulation and its exhibits, the following terms shall have the meanings set forth below.  In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)    "Action" means the above-titled action, captioned *Michael J. Angley, et al. v. UTi Worldwide Inc., et al.*, No. 2:14-CV-2066-CBM-E, pending in the United States District Court for the Central District of California before the Honorable Consuelo B. Marshall.

(b)    "Authorized Claimant" means a Class Member who timely submits a valid Proof of Claim form to the Claims Administrator under the terms of this Stipulation that is accepted for payment by the Court.

(c)  "Claimant" means any person who submits a Proof of Claim to the Claims Administrator.

(d)  "Claims Administrator" means the firm designated by Class Counsel, following consultation with and agreement by Class Representative, subject to Court approval, to provide all notices approved by the Court to Class Members, to process Proofs of Claim, and to administer the Settlement.

(e)  "Class," "Class Member," and "Class Members" mean all persons and entities who purchased shares of UTi common stock during the period from March 28, 2013 through February 25, 2014, inclusive, and who were damaged by the alleged false and misleading statements.  Excluded from the Class are (i) the Defendants; (ii) officers and directors of UTi; (iii) members of the immediate families of the Individual Defendants; and (iv) affiliates of UTi.  Also excluded from the Class are any putative Class Members who validly exclude themselves from the Class by timely filing a request for exclusion in accordance with the requirements set forth in the Preliminary Approval Order and the Notice.

(f)  "Class Counsel" means Federman & Sherwood.

(g)  "Class Period" means the period from March 28, 2013 through February 25, 2014, inclusive.

(h)  "Class Representative" means Stratesis, LLC.

(i)  "Court" means the United States District Court for the Central District of California, Western Division, where this Action is pending before the Honorable Consuelo B. Marshall.

(j)  "Defendants" means UTi, Eric W. Kirchner, Richard G. Rodick, and Edward G. Feitzinger.

(k)     "Defendants' Counsel" means the law firms Cravath, Swaine & Moore LLP and Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

(l)     "Effective Date" means the first date by which all the events and conditions specified in Paragraph 24 of this Stipulation have been met and have occurred.

(m)     "Entity" means any non-natural person.

(n)     "Execution Date" means the date of execution of this Stipulation and shall be the date that the Stipulation is fully executed by the parties.

(o)     "Escrow Account" means the interest-bearing escrow account to be established by the Escrow Agent at a federally insured banking institution into which the Settlement Amount shall be deposited.

(p)     "Escrow Agent" means a reputable financial institution to be selected by Class Counsel, with the consent of Defendants' Counsel, which shall not unreasonably be withheld.

(q)     "Escrow Agreement" means the escrow agreement between Class Counsel, on behalf of Class Representative and the Class, and the Escrow Agent. The terms of the Escrow Agreement shall be subject to approval by Defendants' Counsel, which shall not unreasonably be withheld.

(r)     "Final," with respect to the Judgment, means the later of:  (i) if there is an appeal from a court order, the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration, or a petition for a writ of *certiorari* and, if *certiorari* is granted, the date of final affirmance of the order following review pursuant to the grant; (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on *certiorari* to review the order; or (iii) the expiration of the time

for the filing or notice of any appeal or petition for *certiorari* from the Judgment. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation of the Net Settlement Fund, or to the Court's award of attorneys' fees or expenses, shall not in any way delay or affect the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

(s)     "Individual Defendants" means Eric W. Kirchner, Richard G. Rodick, and Edward G. Feitzinger.

(t)     "Judgment" means the proposed judgment to be entered approving the Settlement substantially in the form attached hereto as Exhibit B, or in such other form as is entered by the Court that does not prompt either Settling Party to terminate the Settlement, terminating, pursuant to Federal Rule of Civil Procedure 54(b), all proceedings of any kind in this Action as between Plaintiffs (including the Class) and Defendants and dismissing the Action and all claims therein against Defendants with prejudice as to all Releasors.

(u)     "Net Settlement Fund" means the Settlement Fund less (i) Court-awarded attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii) Taxes or Tax Expenses; and (iv) any other fees or expenses approved by the Court.

(v)     "Notice" means the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing Thereon, which, subject to approval of the Court, will be sent to Class Members substantially in the form attached hereto as Exhibit A-1.

(w)     "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Class and the administration of the Settlement, including but not limited to:  (i) providing notice

of the proposed Settlement by mail, publication, and other means to Class Members; (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv) communicating with persons and Entities regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; (vi) fees related to the Escrow Account and investment of the Settlement Fund; and (vii) Taxes or Tax Expenses.

(x)    "Plaintiffs" means Class Representative and the Class defined herein.

(y)    "Plaintiffs' Counsel" means Federman & Sherwood, Green & Noblin, P.C., and all other counsel representing Class Members in the Action.

(z)    "Plan of Allocation" means the plan and procedures for allocating the Net Settlement Fund among Authorized Claimants, as provided in the Notice.

(aa)    "Preliminary Approval Order" means the proposed order substantially in the form attached hereto as Exhibit A.

(bb)    "Proof of Claim" or "Proofs of Claim" or "Proof of Claim Form" means the proof of claim and release form substantially in the form attached as Exhibit A-2 hereto.

(cc)    "Released Parties" means the Defendants, Releasors, Plaintiffs, and Releasees.

(dd)    "Releasees" refers jointly and severally, individually and collectively to Individual Defendants, UTi, and its past, present, and future direct and indirect parents, subsidiaries, divisions, and affiliates, and their respective present and former officers, directors, employees, managers, agents, insurers, attorneys and legal representatives, and the predecessors, successors, heirs, executors, trustees, administrators, and assigns of each of the foregoing.  As used

in this Paragraph, "affiliates" means entities controlling, controlled by or under common control with UTi, including DSV A/S, which (through a subsidiary) acquired UTi in January 2016.  The Releasees are express third-party beneficiaries of this Stipulation and Agreement of Settlement.

(ee)  "Releasors" refers jointly and severally, individually and collectively, to Class Representative and all Class Members, and their past, present and future direct and indirect parents, subsidiaries, divisions, and affiliates, and their respective present and former officers, directors, employees, managers, agents, attorneys and legal representatives, and the predecessors, successors, heirs, executors, trustees, administrators, and assigns of each of the foregoing.  As used in this Paragraph, "affiliates" means entities controlling, controlled by, or under common control with, Releasors.

(ff)  "Settled Claims" means any and all claims (including any claim that this Stipulation was fraudulently induced), debts, demands, rights, actions, suits, causes of action, or liabilities whatsoever (including, but not limited to, any and all claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation (whether foreign or domestic), whether class or individual in nature, including both known claims and Unknown Claims, that (i) have been asserted in this Action by or on behalf of Class Representative, the Class Members or any of them against any of the Releasees (including without limitation all claims and allegations in the Complaint, the Amended Complaint, the Second Amended Complaint, and/or the Third Amended Complaint), or (ii) could have been asserted in any forum by or on behalf of the Releasors now or in the future, or any of them, against any of the Releasees or Defendants' Counsel that relate to, in any way arise out of, or are

based upon, the allegations, transactions, facts, matters or occurrences, acts, disclosures, statements, representations, omissions, or failures to act involved, set forth, or referred to in any of the complaints or proposed complaints filed in this Action, including but not limited to the Complaint, the Amended Complaint, the Second Amended Complaint, and/or the Third Amended Complaint.

(gg)   "Settled Defendants' Claims" means any and all claims (including any claim that this Stipulation was fraudulently induced), rights, causes of action, or liabilities whatsoever, whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation (whether foreign or domestic), including both known claims and Unknown Claims that have been or could have been asserted in the Action or any forum by Releasees or the successors and assigns of any of them against any of the Class Representative, Releasors or Class Counsel, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

(hh)   "Settlement" means the settlement contemplated by this Stipulation.

(ii)   "Settlement Amount" means the principal amount of $13,000,000, to be paid pursuant to Paragraph 3 of this Stipulation.

(jj)   "Settlement Fund" means the Settlement Amount and any interest earned thereon following the deposit of the Settlement Amount into the Escrow Account in accordance with Paragraph 3 herein.

(kk)   "Settlement Hearing" or "Final Approval Hearing" means the hearing to be held to determine whether the proposed Settlement embodied by the Stipulation is fair, reasonable, and adequate to the Class, and whether the Court should enter an order and final judgment approving the proposed Settlement.

(ll)   "Settling Parties" means Plaintiffs and Defendants.

(mm)  "Stipulation" means this Stipulation of Settlement, including the recitals and Exhibits hereto.

(nn)   "Taxes" means all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund as described in Paragraph 7.

(oo)   "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing (or failing to file) the returns described in Paragraph 7.

(pp)   "Unknown Claims" means:  (i) any and all Settled Claims which any Class Representative or Releasor does not know or suspect to exist in his, her, or its favor at the time of the release of the Releasees, and (ii) any Settled Defendants' Claims which any Defendant or Releasee does not know or suspect to exist in his, her, or its favor, in each case which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Settled Claims and Settled Defendants' Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Class Representative and the Defendants shall expressly waive, and each Releasor and Releasee shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND
> TO CLAIMS WHICH THE CREDITOR DOES
> NOT KNOW OR SUSPECT TO EXIST IN HIS OR
> HER FAVOR AT THE TIME OF EXECUTING

THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Releasors may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but each of them hereby stipulates and agrees that the Class Representative, and each Releasor, shall be deemed to settle and release, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Settled Claims against Releasees, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or which heretofore existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent or intentional and with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Similarly, Defendants may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of Settled Defendants' Claims, but each of them hereby stipulates and agrees that Defendants and Releasees shall be deemed upon the Effective Date and by operation of the Judgment, to have fully, finally, and forever settled and released any and all Settled Defendants' Claims against Releasors, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

(qq)   "UTi" means UTi Worldwide Inc., and all departments, business units, parents, and subsidiaries and other affiliates of UTi Worldwide Inc.

## II.   SCOPE AND EFFECT OF SETTLEMENT

2.   The obligations incurred pursuant to this Stipulation shall be in full and final disposition of this Action and any and all Settled Claims and Settled Defendants' Claims.

(a)   By operation of the Judgment, upon the Effective Date of this Settlement, each and all of the Class Representative and Releasors, on behalf of themselves and their respective heirs, executors, administrators, successors, and assigns and all persons acting in concert with any such person shall, with respect to each and every Settled Claim, waive, release, forever discharge, and dismiss, with prejudice, and agree not to institute, maintain, or prosecute any or all Settled Claims against any or all of the Releasees, and shall be permanently and finally enjoined without the necessity of posting a bond from commencing or prosecuting any actions or other proceedings asserting any of the Settled Claims either directly, indirectly, or representatively against any of the Releasees or Defendants' Counsel herein.  This injunction expressly extends to all claims covered by this Stipulation and all Releasors defined herein.

(b)   By operation of the Judgment, upon the Effective Date of this Settlement, each of the Defendants and Releasees, on behalf of themselves and their respective heirs, executors, administrators, successors, and assigns and all persons acting in concert with any such person, shall, with respect to each and every Settled Defendants' Claims, waive, release, forever discharge, and dismiss, with prejudice, and agree not to institute, maintain, or prosecute any or all Settled Defendants' Claims against any or all of the Releasors or Class Counsel, and shall be permanently and finally enjoined without the necessity of posting a bond from

commencing or prosecuting any actions or other proceedings asserting any of the Settled Defendants' Claims either directly, indirectly, or representatively against any of the Releasors or Class Counsel herein.  This injunction expressly extends to all claims covered by this Stipulation and all Releasees defined herein.

## III.    THE SETTLEMENT CONSIDERATION

3.    Within thirty (30) calendar days following (a) entry on the Court's docket of the Preliminary Approval Order, either in or substantially in the form annexed hereto as Exhibit A, granting the Court's preliminary approval of this Settlement and (b) receipt by Defendants' Counsel from Class Counsel of full and complete wiring or other instructions necessary for such payment, an executed W-9 for the Settlement Fund, and payee name and address for delivery of payment by check, Defendants shall cause the Settlement Amount to be paid into the Escrow Account, in full and complete settlement of the Settled Claims of Class Representative and all Releasors.  In no event shall Defendants or their insurers be liable for or required to pay any amounts of any kind in addition to the Settlement Amount to Class Representative, Class Members, or Plaintiffs' Counsel, without limitation, interest on the Settlement Amount of any kind and relating to any time period (including prior to the payment of the Settlement Amount into the Escrow Account) and payment to Class Members of their attorneys' fees or reimbursement of any other fees or expenses.

4.    In no event shall Defendants have any responsibility, financial obligation, or liability whatsoever with respect to the operation, management, or disbursement of the Escrow Account once established or with respect to the investment, distribution, use, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such investment, distribution, or administration.  Defendants shall likewise have no responsibility whatsoever for

the allocation or distribution of the Settlement Fund and shall not be responsible or otherwise liable, including to or with Class Representative, Plaintiffs' Counsel, any Class Member, or the Claims Administrator, for any disputes relating to the amount, allocation, or distribution of any fees, costs, or awards of any kind.  After making payment of the Settlement Amount in accordance with Paragraph 3 herein, Defendants shall not be liable for any additional payments of any kind to Class Representative, Class Members, Plaintiffs' Counsel, or to any other person or entity with respect to this Settlement or Stipulation.

## IV.    ADMINISTRATION EXPENSES

5.    Class Counsel shall be solely responsible for designating a Claims Administrator, subject to approval by the Court.  The Claims Administrator shall administer the Settlement under Class Counsel's supervision and subject to the jurisdiction of the Court.  Except as set forth in this Paragraph 5, Defendants will not have any responsibility for, involvement in, or liability for, and Defendants will not be requested or required to pay any costs, fees, or expenses in connection with, providing notice to putative Class Members, the administration of the Settlement Fund, the allocation, disbursement, and payment of the Settlement proceeds, or the reviewing, challenging, or determination of claims of putative Class Members.  Defendants shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms, including providing information in electronic searchable format from UTi's transfer records concerning the identity of putative Class Members.  Any reasonable charges, fees, or expenses incurred by UTi for providing this information, to the extent there are any, will be paid from the Settlement Fund.

6.    Notwithstanding the fact that the Effective Date has not yet occurred, the Escrow Agent may pay from the Settlement Fund any Notice and

Administration Expenses reasonably and actually incurred in connection with providing notice to members of the Class, mailing the Notice and Proof of Claim and Release form and publishing notice (such amount shall include, without limitation, the actual costs of publication, printing, and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs.  Taxes, Tax Expenses, and fees related to the Escrow Account and investment of the Settlement Fund shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court.

## V.    USE AND TAX TREATMENT OF SETTLEMENT FUND

7.    The Settling Parties agree that the Settlement Fund is intended to be, and shall be treated as being, a "qualified settlement fund" within the meaning of Treasury Regulation l.468B-1.

(a)    The Claims Administrator shall administer the Settlement Fund and shall be the "administrator" (within the meaning of Treasury Regulation 1.468B-2(k)(3)) (the "administrator").

(b)    The Claims Administrator and, as required, the Settling Parties, shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this Paragraph 7, including the "relation-back election" (as defined in Treasury Regulation 1.468B-l) back to the earliest permitted date. The Claims Administrator shall timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties and shall cause the appropriate filings to occur.

   (c) The Claims Administrator shall timely and properly file, or cause to be filed, all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including the returns described in Treasury Regulation 1.468B-2(k) and (l) and the "§ 1.468B-3 Statement").  Such returns shall reflect that all Taxes shall be paid out of the Settlement Fund.

   (d) Defendants, Releasees, Defendants' Counsel, Plaintiffs, Releasors, and Class Counsel shall have no liability or responsibility for any Taxes or Tax Expenses.  Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid or reimbursed, or caused to be paid or reimbursed, from the Settlement Fund without prior order from the Court.  The Claims Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution out of the Settlement Fund any funds necessary to pay or reimburse any Taxes or Tax Expenses, as well as any amounts that may be required to be withheld under Treasury Regulation l.468B-2(l)(2).

   (e) It is the sole responsibility of the Class Members to pay Taxes or any other taxes, plus any penalties and interest, on any amounts received pursuant to the Settlement that are construed to be income or otherwise taxable, and the Settlement Fund, Class Representative, Class Counsel, Defendants, their insurers, and Defendants' Counsel shall have no liability for such taxes, penalties, or interest.

   8. This is not a claims-made settlement.  As of the Effective Date, Defendants, their insurance carriers, and/or such other persons or entities funding the Settlement on the Defendants' behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

## VI.   DISTRIBUTION TO AUTHORIZED CLAIMANTS

9.     The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon a Plan of Allocation to be proposed by Class Counsel and approved by the Court.  The Defendants will take no position with respect to such proposed Plan of Allocation.

10.    The Plan of Allocation to be proposed by Class Counsel is not a necessary term of this Stipulation or the Settlement and it is not a condition of this Stipulation or the Settlement that any particular Plan of Allocation be approved. Any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of this Stipulation or the Settlement.

11.    The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after:  (i) all timely claims have been processed, and all Claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to dispute such rejection or disallowance with the Claims Administrator; (ii) any objections elevated to the Court with respect to rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, all appeals therefrom have been resolved or the time therefor has expired; and (iv) all Notice and Administration Expenses, Taxes, and Tax Expenses have been paid.

12.    The Defendants shall have no involvement in, and shall not be responsible or liable in any way for, reviewing or challenging submitted Proofs of Claims.

## VII.    ADMINISTRATION OF THE SETTLEMENT

13.    Any Member of the Class who does not timely submit a valid Proof of Claim will not be entitled to receive any proceeds from the Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred and enjoined from bringing any action against the Releasees concerning the Settled Claims.

14.    The Claims Administrator shall discharge its duties under Class Counsel's supervision and subject to the jurisdiction of the Court.  Except for the obligation to pay the Settlement Amount and, as set forth in Paragraph 5 above, to provide reasonable cooperation with respect to the identification of putative Class Members from UTi's shareholder transfer records, Defendants shall have no liability, obligation, or responsibility for the administration of the Escrow Account or the Settlement, for the allocation, disbursement, and payment of the Settlement Fund or Net Settlement Fund, or for the reviewing, challenging, or determination of claims of putative Class Members.  Class Counsel and the Claims Administrator shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim submitted in the interest of achieving substantial justice.

15.    For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an "Authorized Claimant", the following conditions shall apply:

(a)    Each Class Member shall be required to timely submit a Proof of Claim, signed under penalty of perjury and supported by such documents as are designated therein, including proof of Claimant's loss, or such other documents or proof as the Claims Administrator or Class Counsel, in their discretion, may deem

acceptable. The Proof of Claim to be executed by Class Members shall release all Settled Claims, and shall be substantially in the form contained in Exhibit A-2. The Claims Administrator shall retain copies of the Proofs of Claim referred to in this Paragraph for at least one (1) year after the disbursement of the Net Settlement Fund by the Claims Administrator and shall provide copies of individual Proofs of Claim to Defendants' Counsel at no expense on a case-by-case basis if requested to do so.

(b)    All Proofs of Claim must be submitted by the date specified in the Notice, unless otherwise Ordered by the Court. Any Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by Order of the Court, a later submitted Proof of Claim by such Class Member is approved), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred and enjoined from bringing any action against the Releasees concerning the Settled Claims. Provided that it is received before preparation of the distribution, a Proof of Claim shall be deemed to have been submitted when mailed, if received with a postmark indicated on the envelope and if mailed first-class postage prepaid and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

(c)    Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Class Counsel, who shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to Paragraph 15(e) below.

(d)     Any Proof of Claim that does not meet the submission requirements may be rejected.  Prior to rejection of a Proof of Claim, the Claims Administrator shall notify, in a timely fashion and in writing, the Claimant whose Proof of Claim it proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the opportunity to remedy curable deficiencies in the Proof of Claim submitted if the Claimant so desires.

(e)     If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court, if so desired.  If a dispute concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

16.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's claim.  No discovery shall be allowed on the merits of the Action or the Settlement, including from any Defendant, for any reason.

17.     Payment from the Net Settlement Fund pursuant to this Stipulation shall be deemed final and conclusive against all Class Members.  All Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of

the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred and enjoined from bringing any action against the Releasees concerning the Settled Claims.

18.     Any Class Member wishing to be excluded from the Class and this Settlement must timely mail a signed, written request for exclusion from the Class to the Claims Administrator, within the time and in accordance with the criteria and containing the information set forth in the Preliminary Approval Order and in the Notice.  Unless amended by the Court, the Preliminary Approval Order, attached as Exhibit A hereto, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such Class Members who timely and validly exclude themselves from the Class shall not be bound by this Settlement and the releases described here in, shall have no entitlement to or claim upon all or any part of the Settlement Fund, and shall not receive any payment pursuant to the Settlement.

19.     Class Counsel, subject to review by the Court, shall be responsible for determining whether a request for exclusion is timely and valid, in accordance with the criteria specified in the Preliminary Approval Order and in the Notice.  To be valid, a request for exclusion must comply fully with the criteria specified in the Preliminary Approval Order and in the Notice, and contain all of the information specified in the Preliminary Approval Order and in the Notice.  If a request for exclusion is untimely, or is invalid because it does not otherwise comply with the criteria or contain all of the information specified in the Preliminary Approval Order and in the Notice, then it shall be void and of no effect, and that person or entity shall remain part of the Class in this Action and shall be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment to be

entered in the Action and the releases provided for herein, and will be barred and enjoined from bringing any action against the Releasees concerning the Settled Claims.  Any disputes regarding whether or not a request for exclusion is timely and valid, and thus effective, shall be resolved by the Court.

20.   Any Class Member who wishes to object to the terms and conditions of the Settlement, the Plan of Allocation, the request for attorneys' fees and reimbursement of litigation expenses, or the request for a compensatory award to the Class Representative must file with the Court and serve on Class Counsel and Defendants' Counsel written objections and copies of any papers and briefs on or before twenty-one (21) calendar days prior to the Settlement Hearing.  Such an objection must comply fully with the criteria specified in the Preliminary Approval Order and in the Notice, and contain all of the information specified in the Preliminary Approval Order and in the Notice.  Any Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to any aspect of the Settlement, the Plan of Allocation, the request for attorneys' fees and reimbursement of litigation expenses, or the request for a compensatory award to the Class Representative, unless otherwise ordered by the Court.

## VIII. TERMS OF PRELIMINARY APPROVAL ORDER

21.   Promptly after this Stipulation has been fully executed, Class Counsel and Defendants' Counsel jointly shall apply to the Court for entry of a Preliminary Approval Order, substantially in the form annexed hereto as Exhibit A.  During the period from execution of this Stipulation to the Effective Date, which shall include the period following entry of the Preliminary Approval Order, each of the Settling Parties, and their respective heirs, executors, administrators, successors, and

assigns and all persons acting in concert with any such person or entity, agree not to institute, maintain, or prosecute any or all Settled Claims or Settled Defendants' Claims against any or all of the Releasees or Class Representative.

22.     Defendants shall be responsible for providing any required notice under the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

## IX.     TERMS OF JUDGMENT

23.     If the Settlement is approved by the Court, Class Counsel and Defendants' Counsel shall request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B (with annexure, if any).

## X.     EFFECTIVE DATE OF SETTLEMENT

24.     The Effective Date of this Settlement shall be the date when all of the following shall have occurred:

(a)     entry of the Preliminary Approval Order substantially in the form annexed hereto as Exhibit A;

(b)     payment of the Settlement Amount into the Escrow Account;

(c)     approval by the Court of the Settlement, following notice to the Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(d)     entry of the Judgment has become Final.

## XI.   ATTORNEYS' FEES AND EXPENSES

25.     Class Counsel will apply to the Court for a collective award of attorneys' fees from the Settlement Fund.  Class Counsel will also apply to the Court for reimbursement of litigation expenses.  Defendants take no position with respect to Class Counsel's request for an award of attorneys' fees and reimbursement of expenses.  Such matters are not the subject of any agreement between the Settling Parties.  Such attorneys' fees and expenses as are awarded by

the Court shall be payable to Class Counsel from the Settlement Fund immediately following the expiration of any appeals from the award of attorneys' fees and litigation expenses, or if no such appeals are filed, upon the expiration of the deadline for filing such appeals.  Class Counsel may make a supplemental application to the Court for an award of attorneys' fees and expenses with respect to post-settlement proceedings and administration.  In no event will any Defendant or Defendants' insurers be requested or required to pay, or be liable in any way for, any Plaintiffs' attorneys' fees, expenses or costs of any kind.

## XII.  CLASS REPRESENTATIVE'S REIMBURSEMENT AWARD

26.    Class Counsel may submit an application to the Court to authorize the payment of a reimbursement award to the Class Representative for the time and expenses expended by the Class Representative in assisting Class Counsel in the litigation of this Action.  Payment for any reimbursement award shall be payable from the Settlement Fund.  Defendants take no position with respect to Class Counsel's request for an award to the Class Representative.  Such matters are not the subject of any agreement between the Settling Parties.

## XIII. TERMINATION

27.    The Settling Parties shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to counsel for all other signatories hereto, within thirty (30) days after:  (i) the Court's refusal to enter the Preliminary Approval Order in any material respect without leave to amend and resubmit; (ii) the Defendants' failure to cause the Settlement Amount to be deposited into the Escrow Account according to Paragraph 3 herein; (iii) the Court's refusal to approve this Stipulation or any material part of it without leave to amend and resubmit; (iv) the Court's refusal to enter the Judgment in any material respect without leave to amend and

resubmit; (v) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; (vi) as otherwise set forth in Paragraph 28 below, and in the Settling Parties' Supplemental Agreement; or (vii) the Effective Date not otherwise occurring.

28.     In addition to the foregoing, Defendants shall also have the option, which must be exercised unanimously, to terminate the Settlement and this Stipulation, and render them null and void and of no further effect, in the event that Class Members who in total purchased or acquired in excess of a certain agreed-upon amount of UTi common stock during the Class Period (the "Termination Threshold") timely and validly request exclusion from the Class in accordance with the provisions of Paragraphs 18 and 19 herein, within the time and in accordance with the criteria set forth in the Preliminary Approval Order and in the Notice.

(a)     The Settling Parties agree to maintain the confidentiality of the Termination Threshold, which is set forth in the Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement") that is simultaneously herewith being executed by Defendants' Counsel and Class Counsel.  The Supplemental Agreement, unless otherwise ordered by the Court, shall be kept confidential and shall not be filed with the Court, but it may be examined *in camera* by the Court, if so requested.

(b)     The Claims Administrator shall provide Class Counsel and Defendants' Counsel with copies of any and all requests for exclusion from the Class herein and copies of all written revocations of requests for exclusion within a reasonable time of receipt by the Claims Administrator, and in any event not less than eleven (11) calendar days prior to the Settlement Hearing.  No later than eleven (11) calendar days prior to the Settlement Hearing, the Claims

Administrator shall also provide Class Counsel and Defendants' Counsel with (i) a list identifying which requests for exclusion they have determined to be timely and valid under the criteria specified in the Preliminary Approval Order and (ii) a written representation that all requests for exclusion received have been copied and provided to Class Counsel and Defendants' Counsel.

(c)     Defendants shall be entitled to exercise the option referenced in this Paragraph 28 to terminate the Settlement and this Stipulation only if they provide Class Counsel with written notice of Defendants' unanimous termination of the Settlement and file that notice with the Court no later than 5:00 p.m. Eastern Time on the fourth (4th) business day prior to the Settlement Hearing.

(d)     Class Counsel may attempt to cause the retraction of any request for exclusion by members of the Class prior to the Settlement Hearing.  If Class Counsel succeed in causing the retraction of sufficient requests for exclusion such that the remaining requests for exclusion do not satisfy the requirements of the Termination Threshold, then Defendants' written notice of termination automatically shall be deemed a nullity.  To retract a request for exclusion, a Class Member must, prior to the Settlement Hearing, provide a written notice to the Claims Administrator stating his, her, or its desire to retract the request for exclusion from the Class.  The filing of such written notice with the Court may be effected by Class Counsel.

(e)     Any dispute among the Settling Parties concerning the interpretation or application of this Paragraph 28 and the Supplemental Agreement shall be presented to the Court for resolution upon the application of any party hereto.

29.     If an option to terminate this Stipulation and Settlement arises under any of Paragraphs 27-28 above: (i) neither the Defendants nor Class Representative

(as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of the Defendants or Class Representative, as applicable.

30.     In the event the Settlement is terminated or any of the requirements of the "Effective Date" specified in Paragraph 24 are, for any reason, not satisfied, then the Settlement and this Stipulation shall be null and void, without prejudice, and none of its terms shall be effective or enforceable, except that Paragraphs 30, 31, and 32 shall survive such termination; the Settling Parties shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to May 30, 2018; the Settling Parties in the Action shall proceed in all respects as if this Stipulation and any related orders had not been entered; neither Class Representative nor any other putative Class Member may use the fact of execution of this Stipulation as a basis to argue that Defendants have in any way circumscribed, limited, or waived their ability to oppose, for any reason, certification of a class; and the fact and terms of the Settlement, this Stipulation, and all settlement discussions shall not be admissible in any trial of this Action or any other proceeding and shall not be used by Class Representative against or to the prejudice of the Defendants or by the Defendants against or to the prejudice of Class Representative in any court filings, depositions, at trial, or otherwise.

31.     In the event the Settlement is terminated or any of the requirements of the "Effective Date" specified in Paragraph 24 are, for any reason, not satisfied, then the Settlement Amount previously paid on behalf of or by the Defendants, together with any interest and earnings thereon and including repayment of any attorneys' fees or expenses disbursed pursuant to Paragraph 25 herein (together with interest thereon), less any Taxes and/or Tax Expenses paid or due, and less

any Notice and Administration Expenses actually incurred and paid or payable from the Settlement Fund pursuant to Paragraph 6 herein, shall be returned to the Entity or Entities that deposited the Settlement Amount into the Escrow Account on Defendants' behalf, within ten (10) business days after written notification of such event.  The Escrow Agreement will contain such provisions as are necessary or appropriate to effectuate this Paragraph.  The return of the Settlement Amount required in this Paragraph shall not require any approval from Class Counsel.  At the request of Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), for refund to the applicable funder or as otherwise directed.

## XIV. NO ADMISSION OF WRONGDOING

32.   This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

(a)   shall not be offered or received against any Defendant or Releasee as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any Defendant or Releasee with respect to the truth of any fact alleged by any of the Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of any Defendant or Releasee;

(b)   shall not be offered or received against any Defendant or Releasee as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant or Releasee;

(c)     shall not be offered or received against any Defendant or Releasee as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any Defendant or Releasee, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, the Settling Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)     shall not be construed against any Defendant or Releasee as an admission or concession that the consideration to be given hereunder represents the amount which could or would have been recovered after trial; and

(e)     shall not be construed as or received in evidence as an admission, concession, or presumption against Class Representative or any of the Releasors that any of their claims are without merit, or that any defenses asserted by any Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or the Settlement Fund.

## XV.   MISCELLANEOUS PROVISIONS

33.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

34.     The Settling Parties recognize that this Action was filed by Class Representative and defended by Defendants in good faith, and neither Class Representative, Defendants, nor their respective counsel shall make any applications for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure or other court rule or statute with respect to any claims or defenses asserted in this Action.

35.     The Settling Parties agree not to assert in any forum, or in any statement made to any media representative (whether or not for attribution) that this Action was brought by Plaintiffs or defended by any of the Defendants, or each or any of them, in bad faith or without a reasonable basis.  In no event shall Class Representative, Class Counsel, Defendants, or Defendants' Counsel make any public statement that disparages the business or reputation of any of the other Settling Parties, their counsel, or Releasees (including without limitation UTi's acquirer DSV A/S and its officers, directors, management, and employees). Nothing in this provision prevents Class Counsel from (a) describing their role in this litigation in conversations with Class Members in the course of giving legal advice regarding the terms of the Settlement, or (b) making any statements about the Settling Parties in proceedings before the Court or any appellate court considering this Action.

36.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties or their successors-in-interest.

37.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

38.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Class Counsel and enforcing the terms of this Stipulation.

39.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this

Stipulation.  Any such waiver shall be made on behalf of the party waiving the breach, and will not constitute a waiver by any other party.

40.     This Stipulation and its exhibits constitute the entire agreement among the Settling Patties concerning the Settlement of the Action, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and its exhibits and other than those contained and memorialized in such documents.

41.     This Stipulation may be executed in one or more counterparts, including by signature transmitted by facsimile or email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

42.     The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

43.     The construction, interpretation, operation, effect, and validity of this Stipulation and all documents necessary to effectuate it, shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.

44.     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared initially by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

45.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take

appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms.

DATED:  August 7, 2018

_____

Gary A. Bornstein
(admitted *Pro Hac Vice*)
Damaris Hernández
(admitted *Pro Hac Vice*)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
gbornstein@cravath.com
dhernandez@cravath.com

David I. Hurwirtz – State Bar No. 174632
BIRD, MARELLA, BOXER,
WOLPERT, NESSIM, DROOKS,
LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067
(310) 201-2100
dih@birdmarella.com

*Attorneys for Defendants UTi Worldwide Inc., Eric W. Kirchner, Richard G. Rodick and Edward G. Feitzinger*

1

2    DATED: August 7, 2018

3                                    William B. Federman
                                     (admitted *Pro Hac Vice*)
4                                    Stuart W. Emmons
                                     (admitted *Pro Hac Vice*)
5
                                     A. Brooke Murphy
6                                    (admitted *Pro Hac Vice*)
                                     FEDERMAN & SHERWOOD
7                                    10205 North Pennsylvania Avenue
8                                    Oklahoma City, OK 73120
                                     Telephone: (405) 235-1560
9                                    wbf@federmanlaw.com
10                                   abm@federmanlaw.com
11
12                                   *Class Counsel*

13                                   James Robert Noblin
14                                   GREEN & NOBLIN, P.C.
                                     4500 East Pacific Coast Highway
15                                   Fourth Floor
16                                   Long Beach, CA 90804
                                     Tel: (562) 391-2487
17                                   jrn@classcounsel.com
18
19                                   *Liaison Counsel for Plaintiffs*

20

21

22

23

24

25

26

27
                                     STIPULATION AND AGREEMENT OF SETTLEMENT
28                                   -35-              Case No. 2:14-cv-02066-CBM-E

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

MICHAEL J. ANGLEY, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

UTI WORLDWIDE INC., et al.,

Defendants.

Case No. 2:14-cv-02066-CBM-E

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

WHEREAS, on August 7, 2018, the parties to the above-captioned action (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of claims asserted in the Action and in the Third Amended Complaint, dated December 29, 2017 (the "Complaint"), on the merits and with prejudice; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meaning defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2018 that:

1.     The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, as fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing described below.

2.     A Settlement Hearing shall be held before this Court on _____, 2018, at ____, at the United States District Court for the Central District of California, Western Division, before the Honorable Consuelo B. Marshall, for the following purposes:

(a)     to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court;

(b)     to determine whether the Judgment as provided for under the Stipulation should be entered, dismissing the Complaint filed herein on the merits and with prejudice, and to determine whether the release by the

Releasors of the Settled Claims as set forth in the Stipulation, should be provided to the Releasees;

  (c) to determine whether the proposed Plan of Allocation should be approved;

  (d) to consider Class Counsel's application for an award of attorney's fees and expenses;

  (e) to determine any award to Class Representative pursuant to 15 U.S.C. § 78u-4(a)(4); and

  (f) to consider such other matters the Court deems appropriate.

3. The Settlement Hearing may be adjourned by the Court without notice to the Class other than by announcement of the adjournment at the scheduled time of the Settlement Hearing or at the scheduled time of any adjournment of the Settlement Hearing.  The Court may consider modifications of the Settlement (with the consent of Class Representative and Defendants) without further notice to the Class.

4. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind.  The Court further reserves the right to enter its Judgment approving the Stipulation and dismissing the Complaint on the merits and with prejudice regardless of whether the Court has approved the Plan of Allocation or awarded attorneys' fees and expenses.

5. The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing Thereon ("Notice") and Proof of Claim form, substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively.

6.      Class Counsel is hereby authorized to retain KCC, LLC (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims.  The Claims Administrator shall cause the Notice and Proof of Claim, substantially in the forms annexed hereto as Exhibits A-1 and A-2, to be mailed, by first-class mail, postage prepaid, on or before fourteen (14) calendar days after the date of entry of this Order (the "Notice Date"), to all Class Members who can be identified with reasonable effort.  In accordance with the Stipulation, not later than seven (7) calendar days after the date of entry of this Order, UTi shall provide to the Claims Administrator, for the purpose of identifying and giving notice to the Class, information in electronic searchable format from UTi's transfer records, concerning the identity of putative Class Members.  The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased UTi's common stock during the Class Period as record owners but not as beneficial owners.  Such nominee purchasers are directed within ten (10) calendar days of their receipt of the Notice:  (i) to provide the Claims Administrator with the lists of the names and addresses of their beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim forms promptly to such identified beneficial owners; or (ii) to request additional copies of the Notice and Proof of Claim form from the Claims Administrator and to mail the Notice and Proof of Claim forms directly to beneficial owners within ten (10) calendar days of receipt of such copies.  Nominee purchasers who elect to send the Notice and Proof of Claim forms to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was as directed.  Additional copies of the Notice and Proof of Claim forms shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners,

and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable and actual expense of sending the Notice and Proof of Claim forms to beneficial owners.  Class Counsel shall, at or before the Settlement Hearing, file with the Court proof, by affidavit or declaration, of mailing of the Notice and Proof of Claim forms.

7.      The Court approves the Publication Notice of the pendency of this Action and the proposed Settlement in substantially the form and content annexed hereto as Exhibit A-3 and directs Class Counsel to cause the Publication Notice to be published once in *Investor's Business Daily* and to be transmitted once over *PR Newswire* within seven (7) calendar days of the Notice Date.  Class Counsel shall, at or before the Settlement Hearing, file with the Court proof, by affidavit or declaration, of publication of the Publication Notice.

8.      The form and content of the notices, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rule of Civil Procedure, Section 21(D)(a)(7) requirements of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

9.      Defendants shall, if they have not already, provide notice of the proposed Settlement to the appropriate state and federal officials as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

10.      Members of the Class who wish to participate in the Settlement and receive a distribution from the Net Settlement Fund must complete and submit a

Proof of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be submitted no later than ninety (90) calendar days after the Notice Date.  Each Proof of Claim shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim shall be deemed to have been submitted when it was actually received by the Claims Administrator.  Notwithstanding the foregoing, Class Counsel may, at its discretion, accept for processing late claims provided that such acceptance does not delay the distribution of the Net Settlement Fund to the Class.

11.     Any member of the Class who does not submit a Proof of Claim form in the manner stated in this Order, unless otherwise ordered by the Court or allowed by Class Counsel in their discretion, shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund, and shall forever be barred from sharing in the Net Settlement Fund.  Any such Class Member, however, in all other respects shall be subject to and bound by all of the terms of the Settlement, including the terms of the Stipulation and the Judgment and the releases provided for by the Stipulation and the Judgment, unless such individual or Entity has timely submitted a valid request to be excluded from the Settlement Class in the manner required by this Order.

12.     Any Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  If any Class Member does not enter an appearance, he, she, or it will be represented by Class Counsel.

13.     Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons or entities

request exclusion from the Class in a timely and proper manner, as hereinafter provided. A putative Class Member wishing to make such request must mail the request in written form by first-class mail to the address designated in the Notice such that it is received no later than twenty-one (21) calendar days before the Settlement Hearing. Such request must clearly indicate the name, address, and telephone number of the person seeking exclusion, must clearly indicate that the sender requests to be excluded from the Class in the *Michael J. Angley, et al. v. UTi Worldwide Inc., et al*, No. 2:14-CV-2066-CBM-E (C.D. Cal.) matter, and must be signed by such persons. Such persons requesting exclusion must also state the date(s) and corresponding price(s) and number(s) of shares of all purchases and sales of UTi common stock.

14.     Class Members who timely and validly exclude themselves from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

15.     Class Counsel shall submit their papers in support of final approval of the Settlement, the proposed Plan of Allocation and their application for attorneys' fees and expenses no later than thirty (30) calendar days before the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing. Any Class Member may be heard and/or appear at the Settlement Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate, and why the Judgment should not be entered thereon; why the proposed Plan of Allocation should not be approved as fair, reasonable, and adequate; or why Class Counsel should not be awarded attorneys' fees and payments of expenses in the amounts sought by Class Counsel; *provided, however,* that no Class Member shall be heard or be entitled to contest the

approval of the terms and conditions of the proposed Settlement, the Judgment to be entered, the proposed Plan of Allocation or Class Counsel's application for an award of attorneys' fees and payment of expenses, unless on or before twenty-one (21) calendar days before the Settlement Hearing, the Class Member has filed objections, papers, and briefs (showing due proof of service upon all below-listed counsel) with the Clerk of the Court, and has served by hand or by first-class mail written objections and copies of any supporting papers and briefs (which must contain proof of purchase of UTi common stock during the Class Period) upon:

William B. Federman
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone:  405-235-1560
Facsimile:  405-239-2112
wbf@federmanlaw.com

*Class Counsel*

Gary A. Bornstein
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
gbornstein@cravath.com

*Counsel for Defendants*

Attendance at the hearing is not necessary; however, persons or entities wishing to be heard orally in opposition to the approval of the Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees are required to indicate in their written objection their intention to appear at the hearing.  Persons or entities who

intend to object to the Settlement, the proposed Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

16.     Any Class Member who does not object to the Settlement, the proposed Plan of Allocation, and/or Class Counsel's application for an award of attorneys' fees and expenses in the manner prescribed in this Order and in the Notice shall be deemed forever to have waived such objection and shall forever be barred from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application of Class Counsel for an award of attorneys' fees and expenses or from otherwise being heard concerning these subjects in this or any other proceeding.

17.     Pending final determination of whether the Settlement should be approved, the Plaintiffs, all Class Members, and Releasors, and anyone who acts or purports to act on each of their behalf, are enjoined from initiating, continuing, filing, or otherwise prosecuting any action which asserts any of the Settled Claims against any Releasees (including, without limitation, in any individual, class or putative class, representative, or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum between now and entry of the Judgment or termination of the Stipulation, whichever occurs earlier.  This stay and injunction is necessary to protect and effectuate the Stipulation, the Settlement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Stipulation and to enter the Judgment when appropriate,

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL
Case No. 2:14-cv-02066-CBM-E

and is ordered in aid of the Court's jurisdiction and to protect its judgments. Pending the Settlement Hearing, the Court stays all proceedings in the Action, other than those proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

18.     This Order, the Settlement, and any of their terms, and all negotiations, discussions, and proceedings in connection with this Order and the Settlement, shall not constitute evidence, or an admission by any of the Defendants or the other Releasees, that any acts of wrongdoing have or have not been committed and shall not be deemed to create any inference that there is or is not any liability on the part of any of the Defendants or Releasees. This Order, the Settlement, and any of their terms, and all negotiations, discussions, and proceedings in connection with this Order and the Settlement, shall not be offered or received in evidence against Plaintiffs, Defendants, the Releasees, the Releasors, or their counsel, in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of this Order and/or the Settlement.

19.     As provided in the Stipulation, prior to the Effective Date of the Settlement, Class Counsel may reimburse the Claims Administrator for the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Settlement Fund without further order of the Court.

20.     If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Class Representatives or Defendants elect to terminate the Settlement as provided in the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Order shall be null and

void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or Entity, and each party shall be restored to his, her, or its respective position as it existed prior to May 30, 2018.

21.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: _____, 2018.

_____
Honorable Consuelo B. Marshall
United States District Judge

**EXHIBIT A-1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

|  |  |
|---|---|
| MICHAEL J. ANGLEY, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:14-cv-02066-CBM-E |
| Plaintiff, | |
| v. | |
| UTI WORLDWIDE INC., et al., | |
| Defendants. | |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
AND SETTLEMENT HEARING THEREON**

TO:     ALL PERSONS OR ENTITIES WHO PURCHASED THE COMMON STOCK OF UTI
        WORLDWIDE INC. ("UTI") DURING THE PERIOD MARCH 28, 2013 THROUGH
        FEBRUARY 25, 2014, INCLUSIVE.

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY
PROCEEDINGS IN THIS LITIGATION.  IF YOU ARE A CLASS MEMBER, YOU MAY BE
ENTITLED TO SHARE IN THE PROCEEDS OF THE PROPOSED SETTLEMENT
DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST
SUBMIT A VALID PROOF OF CLAIM POSTMARKED ON OR BEFORE _____
___, 2018.

- **Security and Time Period**:  UTi common stock purchased during the period March 28, 2013 through February 25, 2014, inclusive.

- **Settlement Fund**:  $13,000,000.00 in cash, plus all interest or income earned thereon.  Your recovery will depend on the amount of UTi common stock you purchased, the timing of your purchases and sales, if any, and the number of eligible shares that participate in the Settlement and when those shares were purchased and sold, if at all.[1]  Plaintiffs and Defendants disagree on liability and damages.   Based on the information currently available to the Class Representative and the analysis performed by its damages consultant, it is estimated that if Class Members submit claims for 100% of the common stock estimated to be eligible for a distribution under the proposed Plan of Allocation (described in Question 8 below), the estimated average distribution will be approximately $0.69 per eligible share of stock, before deduction of Court-approved fees and expenses, including the cost of settlement administration, any attorneys' fees and expenses awarded by the Court to Plaintiffs' Counsel, and any

---

[1] All otherwise undefined terms have the definitions set forth in the Stipulation and Agreement of Settlement (the "Stipulation"), executed by the Parties on August 7, 2018.

2

reimbursement awarded by the Court to the Class Representative for its representation of the Class.  Historically, actual claim rates are less than 100%, which results in higher distributions per share.  The payment you get will reflect the percentage of the Net Settlement Fund that your Recognized Loss bears to the total of the Recognized Losses of all Authorized Claimants.

- **Reasons for Settlement**: The Settlement resolves claims against Defendants for alleged violations of the federal securities laws that have been pending since 2014.  Defendants deny all allegations of wrongdoing.  The Settlement provides the Class with a substantial benefit now (namely $13 million, plus interest), as compared to the risk that a smaller or no recovery would be achieved after engaging in years of further litigation – including contested motions, trial, and likely appeals, in which Defendants would have the opportunity to challenge and assert defenses to Plaintiffs' claims.  In light of the amount of the Settlement and the immediacy of recovery to the Class Members, the Class Representative and Plaintiffs' Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.

- **Fees and Expenses**:  Plaintiffs' Counsel have been prosecuting this litigation on a wholly contingent basis since its inception and have not received any payment for attorneys' fees, or reimbursement of out-of-pocket expenses advanced, in connection with their representation of the Class (including, but not limited to, investigating the facts, drafting and filing the complaints, responding to Defendants' motions to dismiss, successfully appealing the district court's dismissal of Plaintiffs' claims, issuing numerous subpoenas to third-parties with relevant information, reviewing millions of pages of documents produced by Defendants and third parties during discovery, seeking and obtaining an order certifying the action as a class action, and negotiating the Settlement).  Plaintiffs' Counsel will ask the Court for attorneys' fees not to exceed 28% of the Settlement Fund and reimbursement of out-of-pocket expenses not to exceed $625,000 to be paid from the Settlement Fund.  Additionally, Plaintiffs' Counsel intend to ask the Court for a discretionary award not to exceed $20,000 to reimburse the Class Representative for costs and expenses related to Class Representative's direct representation of the Class.  If the above amounts are requested and approved by the Court, the average cost will be approximately $0.23 per eligible share of UTi common stock.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN _____ __, 2018** | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN _____ __, 2018** | Get no payment.  This is the only option that potentially allows you to be part of any other lawsuit against Defendants about the legal claims in this case. |
| **OBJECT NO LATER THAN _____ __, 2018** | Write to the Court about why you do not like the Settlement. |
| **GO TO THE SETTLEMENT HEARING ON _____ __, 2018** | Speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment.  Give up rights. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? ................................................................ Page _

What Is The Lawsuit About? .............................................................. Page _

Why Is This A Class Action? .............................................................. Page _

Why Is There A Settlement? ............................................................... Page _

How Do I Know If I Am Part Of The Settlement? ............................... Page _

Are There Exceptions To Being Included In the Settlement? ............. Page _

What Does The Settlement Provide? ................................................... Page _

How Much Will My Payment Be? What Is The Plan Of Allocation? .... Page _

How Do I Participate In The Settlement? ............................................ Page _

When Will I Receive My Payment? ..................................................... Page _

What Rights Am I Giving Up By Remaining In The Class? ................. Page _

What If A Class Member Is Deceased? ............................................... Page _

What If I Bought Shares of UTi Common Stock On Someone Else's Behalf .. Page _

How Do I Exclude Myself From The Settlement? ................................ Page _

If I Do Not Exclude Myself, Can I Sue Defendants For The Same Thing Later? .. Page _

If I Exclude Myself, Can I Get Money From This Settlement? ............. Page _

Do I Have A Lawyer In This Case? ..................................................... Page _

How Will The Lawyers Be Paid? ........................................................ Page _

How Do I Tell The Court That I Do Not Like The Settlement? ............ Page _

What Is The Difference Between Objecting and Excluding? .............. Page _

When And Where Will the Court Decide Whether To Approve The Settlement? .. Page _

Do I Have To Come To The Hearing? .................................................. Page _

May I Speak At The Settlement Hearing .............................................. Page _

What Happens If I Do Nothing At All? ................................................ Page _

How Can I Get More Information? ...................................................... Page _

## 1.      Why Did I Get This Notice Package?

You or someone in your family may have purchased UTi common stock during the period March 28, 2013 through February 25, 2014, inclusive (the "Class Period").

The Court directed us to send this Notice because, as a potential Class Member, you have a right to know about the proposed Settlement, and about all of your options. Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights. *See* Question 3 below. If the Court approves the Settlement, the Claims Administrator appointed by the Court will issue payments to those persons who timely submit valid claims in the manner described herein.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Central District of California, the Honorable Consuelo B. Marshall presiding, and the case is known as *Angley v. UTi Worldwide Inc., et al.* Case No. 2:14-cv-02066-CBM-E.

4

**2.      What Is This Lawsuit About?**

Plaintiffs allege that UTi and three of its former executive officers (Eric W. Kirchner, Richard G. Rodick, and Edward G. Feitzinger), (collectively with UTi, "Defendants"), violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by materially misrepresenting the functionality and effectiveness of UTi's new operating systems and significant problems caused by the new systems. Plaintiffs allege that these materially false or misleading statements created artificial inflation in the price of UTi common stock during the period March 28, 2013 through February 25, 2014, inclusive.  Plaintiffs allege that the truth was revealed to the market on February 26, 2014 when UTi disclosed that its liquidity and capital resources had decreased significantly over the previous several quarters, primarily the result of four factors, including "recent invoicing delays, primarily in the U.S., in connection with implementing [UTi's] new freight forwarding operating system and global financial system."  The price of UTi common stock dropped by 30% that day.

Defendants, individually and collectively, have denied and continue to deny all of the claims and contentions of any wrongdoing.  Defendants contend that they did not make any materially false or misleading statements and that they disclosed all material information required to be disclosed by the federal securities laws.  Defendants also contend that any losses suffered by members of the Class were not caused by any allegedly false or misleading statements by Defendants.

Plaintiffs and Defendants disagree on liability and damages.  Plaintiffs believe that, if the Class prevailed on all of their claims for the entire Class Period and the Court accepted in full their theory of damages, the Class could have potentially received a maximum jury award of up to $56.26 million, before deductions for fees and expenses.  Defendants deny that they are liable to the Class and deny that the Class has suffered any damages.  Defendants assert that Plaintiffs have overestimated the number of eligible shares and further believe that even if Plaintiffs were to prove the other elements of their claims, they would only be able to prove a small fraction of the losses claimed by Plaintiffs were caused by the alleged misrepresentations, as opposed to other factors such as market and industry forces or unrelated company-specific circumstances.  The Settlement resolves all certified claims against Defendants.

**3.      Why Is This a Class Action?**

A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  Once the class is certified, the court must resolve all issues on behalf of the class members, except for any Persons who choose to exclude themselves from the class.  Here, all these class members, together, are called the Class or Class Members.

In a class action, a person called a lead plaintiff or class representative sues on behalf of people who have similar claims.  The Court has certified this Action to proceed as a class action, has appointed Stratesis, LLC to serve as the lead plaintiff and class representative ("Class Representative"), and has approved Lead Plaintiff's selection of Federman & Sherwood to serve as lead counsel on behalf of the class ("Class Counsel").

**4.      Why Is There a Settlement?**

The Court did not decide in favor of Plaintiffs or Defendants.  Instead, the Parties have negotiated a settlement that they believe is in the best interests of their respective clients.  The Settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation and the uncertainty of a trial and appeals, and permits eligible Class Members to be compensated without further delay.

The proposed Settlement was arrived at through lengthy, arms'-length negotiations (including two full-day in-person mediation sessions) and was the result of a proposal by a neutral mediator who had considered the various legal, evidentiary, and economic aspects of the Action. Class Representative and Class Counsel agreed to the terms of the proposed Settlement after considering the results of their factual and legal investigation, and the strengths and weaknesses of the claims and defenses asserted in the Action.  Based upon that evaluation, among other things, Class Representative and Class Counsel concluded that the terms and conditions of the proposed Settlement are fair, reasonable and adequate to the Class, and that it is in the best interests of the Class to settle the claims alleged in the Action pursuant to the terms and provisions of the Stipulation.

**5.      How Do I Know If I Am Part of the Settlement?**

The Class includes all persons or entities who purchased shares of UTi common stock during the period from March 28, 2013 through February 25, 2014, inclusive, and were damaged as a result.

**6.      Are There Exceptions to Being Included in the Settlement?**

Yes.  Excluded from the Settlement are Defendants, officers and directors of UTi, members of the immediate families of the Individual Defendants, and affiliates of UTi.  Also excluded from the Settlement are those Persons who timely and validly request exclusion from the Settlement pursuant to this Notice.

**7.      What Does the Settlement Provide?**

Defendants have agreed to cause their insurers to pay $13,000,000.00 in cash in settlement of the Action (the "Settlement Amount").  The Settlement Amount, plus interest or income earned thereon from the date it is established (the "Settlement Fund"), less costs, fees, and expenses (the "Net Settlement Fund"), will be divided among all eligible Class Members who submit valid Proofs of Claim and whose claim for recovery has been allowed pursuant to the terms of the Stipulation ("Authorized Claimants").  Costs, fees, and expenses include Court-approved attorneys' fees and expenses, the costs of notifying Class Members, including the costs of printing and mailing this Notice and the cost of publishing the Publication Notice, the costs of claims administration, and Taxes on the Settlement Fund.

**8.      How Much Will My Payment Be?  What is the Plan of Allocation?**

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proof of Claim and Release forms ("Claimants") under the Plan of Allocation described below.

The Plan of Allocation set forth herein is the plan that is being proposed by Class Representative and Class Counsel (in consultation with Class Representative's financial expert) to the Court for approval.  The Court may approve this Plan of Allocation as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any orders regarding a modification of the Plan of Allocation will be posted on the settlement website, www.UTiWorldwideSettlement.com.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who suffered economic losses as a result of the alleged misrepresentations and omissions of the Defendants, as opposed to losses caused by market or industry factors or other company-specific factors.  In developing the Plan of Allocation, Plaintiffs' damages expert calculated the potential amount of estimated artificial inflation  per share  of UTi's common stock, based on closing prices, that was proximately caused by Defendants' alleged material misrepresentations and omissions.  The Plan of Allocation takes into account the growing inflation in the price of UTi common stock during the Class Period.

Under the Plan of Allocation, a "Recognized Loss" will be calculated as set forth below for each purchase or acquisition of an eligible share of UTi common stock during the Class Period. The calculation of a Recognized Loss will depend upon several factors, including (i) when the shares were purchased or otherwise acquired, in what amount, and the price paid; and (ii) whether the shares were sold, and if so, when, and for what price and in what amount.

Based on the foregoing, and for purposes of this Settlement only, the Plan of Allocation for distributing the Net Settlement Fund is as follows:

1.   For each share of UTi Worldwide Inc. ("UTIW") common stock purchased during the period March 28, 2013 through February 25, 2014, inclusive and:

a)  Sold prior to the close of trading on February 25, 2014, the Recognized Loss is $0.00.

b)  Sold at a loss during the period February 26, 2014 through May 27, 2014, the Recognized Loss shall be the lesser of:  a) the inflation per share on the date of purchase, as set forth on Table A (below); b) the difference between the purchase price per share and the sale price per share; or c) the difference between the purchase price per share and the mean trading price per share beginning February 26, 2014 through the date of sale, as set forth on Table B (below).

c)  Held as of the close of trading on May 27, 2014, the Recognized Loss shall be the lesser of:  a) the inflation per share on the date of purchase, as set forth on Table A

(below); or b) the difference between the purchase price per share and $10.40 per share, if greater than zero.[2]

## TABLE A

(Inflation Per Share on Date of Purchase)

| Purchase Date | Inflation per Share | Purchase Date | Inflation per Share | Purchase Date | Inflation per Share | Purchase Date | Inflation per Share |
|---|---|---|---|---|---|---|---|
| 3/28/2013 | $0.46 | 6/20/2013 | $1.07 | 9/12/2013 | $1.49 | 12/4/2013 | $4.42 |
| 4/1/2013 | $0.46 | 6/21/2013 | $1.07 | 9/13/2013 | $1.49 | 12/5/2013 | $4.42 |
| 4/2/2013 | $0.46 | 6/24/2013 | $1.07 | 9/16/2013 | $1.49 | 12/6/2013 | $4.42 |
| 4/3/2013 | $0.46 | 6/25/2013 | $1.07 | 9/17/2013 | $1.49 | 12/9/2013 | $4.42 |
| 4/4/2013 | $0.46 | 6/26/2013 | $1.07 | 9/18/2013 | $1.49 | 12/10/2013 | $4.42 |
| 4/5/2013 | $0.46 | 6/27/2013 | $1.07 | 9/19/2013 | $1.49 | 12/11/2013 | $4.42 |
| 4/8/2013 | $0.46 | 6/28/2013 | $1.07 | 9/20/2013 | $1.49 | 12/12/2013 | $4.42 |
| 4/9/2013 | $0.46 | 7/1/2013 | $1.21 | 9/23/2013 | $1.49 | 12/13/2013 | $4.42 |
| 4/10/2013 | $0.46 | 7/2/2013 | $1.21 | 9/24/2013 | $1.49 | 12/16/2013 | $4.42 |
| 4/11/2013 | $0.46 | 7/3/2013 | $1.21 | 9/25/2013 | $1.49 | 12/17/2013 | $4.42 |
| 4/12/2013 | $0.46 | 7/5/2013 | $1.21 | 9/26/2013 | $1.49 | 12/18/2013 | $4.42 |
| 4/15/2013 | $0.46 | 7/8/2013 | $1.21 | 9/27/2013 | $1.49 | 12/19/2013 | $4.42 |
| 4/16/2013 | $0.46 | 7/9/2013 | $1.21 | 9/30/2013 | $1.49 | 12/20/2013 | $4.42 |
| 4/17/2013 | $0.46 | 7/10/2013 | $1.21 | 10/1/2013 | $2.98 | 12/23/2013 | $4.42 |
| 4/18/2013 | $0.46 | 7/11/2013 | $1.21 | 10/2/2013 | $2.98 | 12/24/2013 | $4.42 |
| 4/19/2013 | $0.46 | 7/12/2013 | $1.21 | 10/3/2013 | $2.98 | 12/26/2013 | $4.42 |
| 4/22/2013 | $0.46 | 7/15/2013 | $1.21 | 10/4/2013 | $2.98 | 12/27/2013 | $4.42 |
| 4/23/2013 | $0.46 | 7/16/2013 | $1.21 | 10/7/2013 | $2.98 | 12/30/2013 | $4.42 |
| 4/24/2013 | $0.46 | 7/17/2013 | $1.21 | 10/8/2013 | $2.98 | 12/31/2013 | $4.42 |
| 4/25/2013 | $0.46 | 7/18/2013 | $1.21 | 10/9/2013 | $2.98 | 1/2/2014 | $4.42 |
| 4/26/2013 | $0.46 | 7/19/2013 | $1.21 | 10/10/2013 | $2.98 | 1/3/2014 | $4.42 |
| 4/29/2013 | $0.46 | 7/22/2013 | $1.21 | 10/11/2013 | $2.98 | 1/6/2014 | $4.42 |
| 4/30/2013 | $0.46 | 7/23/2013 | $1.21 | 10/14/2013 | $2.98 | 1/7/2014 | $4.42 |
| 5/1/2013 | $0.68 | 7/24/2013 | $1.21 | 10/15/2013 | $2.98 | 1/8/2014 | $4.42 |
| 5/2/2013 | $0.68 | 7/25/2013 | $1.21 | 10/16/2013 | $2.98 | 1/9/2014 | $4.42 |
| 5/3/2013 | $0.68 | 7/26/2013 | $1.21 | 10/17/2013 | $2.98 | 1/10/2014 | $4.42 |
| 5/6/2013 | $0.68 | 7/29/2013 | $1.21 | 10/18/2013 | $2.98 | 1/13/2014 | $4.42 |
| 5/7/2013 | $0.68 | 7/30/2013 | $1.21 | 10/21/2013 | $2.98 | 1/14/2014 | $4.42 |
| 5/8/2013 | $0.68 | 7/31/2013 | $1.21 | 10/22/2013 | $2.98 | 1/15/2014 | $4.42 |
| 5/9/2013 | $0.68 | 8/1/2013 | $1.26 | 10/23/2013 | $2.98 | 1/16/2014 | $4.42 |
| 5/10/2013 | $0.68 | 8/2/2013 | $1.26 | 10/24/2013 | $2.98 | 1/17/2014 | $4.42 |
| 5/13/2013 | $0.68 | 8/5/2013 | $1.26 | 10/25/2013 | $2.98 | 1/21/2014 | $4.42 |
| 5/14/2013 | $0.68 | 8/6/2013 | $1.26 | 10/28/2013 | $2.98 | 1/22/2014 | $4.42 |
| 5/15/2013 | $0.68 | 8/7/2013 | $1.26 | 10/29/2013 | $2.98 | 1/23/2014 | $4.42 |
| 5/16/2013 | $0.68 | 8/8/2013 | $1.26 | 10/30/2013 | $2.98 | 1/24/2014 | $4.42 |
| 5/17/2013 | $0.68 | 8/9/2013 | $1.26 | 10/31/2013 | $2.98 | 1/27/2014 | $4.42 |
| 5/20/2013 | $0.68 | 8/12/2013 | $1.26 | 11/1/2013 | $3.42 | 1/28/2014 | $4.42 |
| 5/21/2013 | $0.68 | 8/13/2013 | $1.26 | 11/4/2013 | $3.42 | 1/29/2014 | $4.42 |
| 5/22/2013 | $0.68 | 8/14/2013 | $1.26 | 11/5/2013 | $3.42 | 1/30/2014 | $4.42 |
| 5/23/2013 | $0.68 | 8/15/2013 | $1.26 | 11/6/2013 | $3.42 | 1/31/2014 | $4.42 |
| 5/24/2013 | $0.68 | 8/16/2013 | $1.26 | 11/7/2013 | $3.42 | 2/3/2014 | $4.42 |
| 5/28/2013 | $0.68 | 8/19/2013 | $1.26 | 11/8/2013 | $3.42 | 2/4/2014 | $4.42 |
| 5/29/2013 | $0.68 | 8/20/2013 | $1.26 | 11/11/2013 | $3.42 | 2/5/2014 | $4.42 |
| 5/30/2013 | $0.68 | 8/21/2013 | $1.26 | 11/12/2013 | $3.42 | 2/6/2014 | $4.42 |

[2] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  The mean closing price of UTI common stock during the 90-day period, beginning on February 26, 2014 and ending on May 27, 2014, was $10.40.

8

| 5/31/2013 | $0.68 | 8/22/2013 | $1.26 | 11/13/2013 | $3.42 | 2/7/2014 | $4.42 |
| 6/3/2013 | $1.07 | 8/23/2013 | $1.26 | 11/14/2013 | $3.42 | 2/10/2014 | $4.42 |
| 6/4/2013 | $1.07 | 8/26/2013 | $1.26 | 11/15/2013 | $3.42 | 2/11/2014 | $4.42 |
| 6/5/2013 | $1.07 | 8/27/2013 | $1.26 | 11/18/2013 | $3.42 | 2/12/2014 | $4.42 |
| 6/6/2013 | $1.07 | 8/28/2013 | $1.26 | 11/19/2013 | $3.42 | 2/13/2014 | $4.42 |
| 6/7/2013 | $1.07 | 8/29/2013 | $1.26 | 11/20/2013 | $3.42 | 2/14/2014 | $4.42 |
| 6/10/2013 | $1.07 | 8/30/2013 | $1.26 | 11/21/2013 | $3.42 | 2/18/2014 | $4.42 |
| 6/11/2013 | $1.07 | 9/3/2013 | $1.49 | 11/22/2013 | $3.42 | 2/19/2014 | $4.42 |
| 6/12/2013 | $1.07 | 9/4/2013 | $1.49 | 11/25/2013 | $3.42 | 2/20/2014 | $4.42 |
| 6/13/2013 | $1.07 | 9/5/2013 | $1.49 | 11/26/2013 | $3.42 | 2/21/2014 | $4.42 |
| 6/14/2013 | $1.07 | 9/6/2013 | $1.49 | 11/27/2013 | $3.42 | 2/24/2014 | $4.42 |
| 6/17/2013 | $1.07 | 9/9/2013 | $1.49 | 11/29/2013 | $3.42 | 2/25/2014 | $4.42 |
| 6/18/2013 | $1.07 | 9/10/2013 | $1.49 | 12/2/2013 | $4.42 | | |
| 6/19/2013 | $1.07 | 9/11/2013 | $1.49 | 12/3/2013 | $4.42 | | |

## TABLE B
### (90-Day Mean Trading Price)

| Date | Mean Trading Price | Date | Mean Trading Price |
| --- | --- | --- | --- |
| 2/26/2014 | $10.74 | 4/11/2014 | $11.07 |
| 2/27/2014 | $10.75 | 4/14/2014 | $11.04 |
| 2/28/2014 | $10.45 | 4/15/2014 | $11.01 |
| 3/3/2014 | $10.28 | 4/16/2014 | $10.99 |
| 3/4/2014 | $10.36 | 4/17/2014 | $10.97 |
| 3/5/2014 | $10.46 | 4/21/2014 | $10.96 |
| 3/6/2014 | $10.54 | 4/22/2014 | $10.94 |
| 3/7/2014 | $10.60 | 4/23/2014 | $10.92 |
| 3/10/2014 | $10.69 | 4/24/2014 | $10.89 |
| 3/11/2014 | $10.77 | 4/25/2014 | $10.87 |
| 3/12/2014 | $10.87 | 4/28/2014 | $10.85 |
| 3/13/2014 | $10.94 | 4/29/2014 | $10.82 |
| 3/14/2014 | $10.98 | 4/30/2014 | $10.80 |
| 3/17/2014 | $11.02 | 5/1/2014 | $10.78 |
| 3/18/2014 | $11.05 | 5/2/2014 | $10.75 |
| 3/19/2014 | $11.08 | 5/5/2014 | $10.73 |
| 3/20/2014 | $11.11 | 5/6/2014 | $10.69 |
| 3/21/2014 | $11.15 | 5/7/2014 | $10.66 |
| 3/24/2014 | $11.17 | 5/8/2014 | $10.64 |
| 3/25/2014 | $11.19 | 5/9/2014 | $10.61 |
| 3/26/2014 | $11.18 | 5/12/2014 | $10.59 |
| 3/27/2014 | $11.18 | 5/13/2014 | $10.56 |
| 3/28/2014 | $11.18 | 5/14/2014 | $10.54 |
| 3/31/2014 | $11.16 | 5/15/2014 | $10.52 |
| 4/1/2014 | $11.16 | 5/16/2014 | $10.50 |
| 4/2/2014 | $11.15 | 5/19/2014 | $10.48 |
| 4/3/2014 | $11.15 | 5/20/2014 | $10.46 |
| 4/4/2014 | $11.14 | 5/21/2014 | $10.44 |
| 4/7/2014 | $11.13 | 5/22/2014 | $10.42 |
| 4/8/2014 | $11.11 | 5/23/2014 | $10.41 |
| 4/9/2014 | $11.10 | 5/27/2014 | $10.40 |
| 4/10/2014 | $11.08 | | |

## ADDITIONAL PROVISIONS

To the extent that a Claimant suffered an overall actual market loss on his, her, or its overall transactions in UTi common stock during the Class Period, but that actual market loss is less than the total Recognized Loss calculated above, then the Claimant's Recognized Loss shall be limited to the amount of the actual market loss.

9

For purposes of determining whether a Claimant had a gain from his, her or its overall transactions in UTi common stock during the Class Period or suffered a loss, the Claims Administrator shall: (i) total the amount paid for all UTi common stock purchased/acquired during the Class Period ("Purchased Stock") by the claimant (the "Total Purchase Amount"); (ii) match any sales of UTi common stock during the Class Period, on a share-by-share, First-In, First-Out ("FIFO") basis, against the Claimant's Purchased Stock (the "Matched Stock") and stock held at the beginning of the Class Period; (iii) total the amounts received for sales of the Matched Stock during the Class Period (the "Sales Proceeds"); and (iv) ascribe a holding value for the remainder of the Purchased Stock that were not paired with Matched Stock, at $10.74 per share of UTi common stock (the closing price on February 26, 2014) ("Holding Value"). The difference between (x) the Total Purchase Amount ((i) above) and (y) the sum of the Sales Proceeds ((iii) above) and the Holding Value ((iv) above) will be deemed a Claimant's gain or loss on his, her or its overall transactions in UTi common stock during the Class Period.

Each Authorized Claimant shall recover his, her, or its pro rata share of the Net Settlement Fund. If the prorated share calculates to less than $10.00, it will be removed from the calculation and it will not be paid.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.

Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Central District of California with respect to his, her, or its Proof of Claim form.

## 9.     How Will I Receive a Payment?

Each Person wishing to participate in the distribution of the Net Settlement Fund must timely submit a valid Proof of Claim establishing membership in the Class, and include all required documentation, postmarked on or before [_____ ], 2018, to the address set forth in the Proof of Claim that accompanies this Notice. A Proof of Claim form is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it postmarked on or before ___, 2018.

Unless the Court otherwise orders, any Class Member who fails to submit a Proof of Claim postmarked on or before [   ], 2018, shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation and Settlement that is approved, including the terms of any judgment entered and releases given.

Persons that are excluded from the Class by definition or that exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit a Proof of Claim.

**10.     When Will I Receive My Payment?**

The Court will hold a hearing on _____, 2018, to decide whether to approve the Settlement, the proposed Plan of Allocation, and Fee and Expense Application.  If the Settlement is approved by the Court, and upon satisfaction of the other conditions to the Settlement, including the expiration of the time for the filing of any appeals, the Net Settlement Fund will be distributed to Authorized Claimants in accordance with the Plan of Allocation approved by the Court.

The claims administration process takes time.  Please be patient.

**11.     What Rights Am I Giving Up by Remaining in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants or the "Releasees" about the "Settled Claims", including "Unknown Claims".   It also means that all of the Court's orders will apply to you and legally bind you and, in return for your participation in the Settlement, you will release your claims in this case against the Defendants and the Releasees.  The terms of the release are included in the Proof of Claim that is enclosed.

**12.     What If A Class Member Is Deceased?**

Under the Settlement, the authorized legal representative(s) of a Class Member may receive a recovery on behalf of the deceased Class Member.

**13.     What If I Bought Shares of UTi Common Stock On Someone Else's Behalf?**

If you purchased shares of UTi common stock during the Class Period for the beneficial interest of a Class Member, you must either (a) send copies of the Notice and Proof of Claim to the beneficial owner(s) of the common stock within ten (10) days from the receipt of the Notice, and provide written confirmation to the Claims Administrator of such transmittal, or (b) provide the Claims Administrator with the names and addresses of such beneficial owner(s) within ten (10) days from the receipt of the Notice, in which event the Claims Administrator will promptly mail the Notice and Proof of Claim to such beneficial owner(s). The Claims Administrator will provide nominees with additional copies of the Notice and Proof of Claim upon request.  Nominees may seek reimbursement of their reasonable administrative costs and expenses actually incurred in searching their records to find the names and addresses of beneficial owners and for mailing the Notice and Proof Claim by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

Copies of this Notice and the Proof of Claim can be obtained from the website maintained by the Claims Administrator, www.UTiWorldwideSettlement.com, by calling the Claims Administrator toll-free at 1-800-[   ], or from Class Counsel's website, www.federmanlaw.com.

If you do not want a payment from the Settlement, but you want to keep the right to sue or continue to sue one or more of the Defendants on your own for the Settled Claims in this case, then you must take steps to get out of the Class.  This is called excluding yourself from, or is sometimes referred to as opting out of, the Class.

**14.    How Do I Exclude Myself from the Class?**

If you do not want a payment from the Settlement, but you want to keep the right to sue or continue to sue one or more of the Defendants on your own for the Settled Claims in this case, then you must take steps to get out of the Class.  This is called excluding yourself from the Class. If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in the Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitations or repose.

To exclude yourself from the Class, you must send a letter by first-class mail to the Claims Administrator by [      ], 2018, stating that you want to be excluded from *Angley v. UTi Worldwide Inc., et al.*, No. 2:14-cv-02066-CBM-E.  You must include (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of UTi common stock, including the dates, the number of shares, and price paid or received per share of stock for each such purchase or sale; and (c) a statement that the Person wishes to be excluded from the Class.  No request for exclusion will be considered valid unless all of the information described above is included in any such request.

Any Person who wishes to exclude him/her/itself from the Class must submit a valid and timely Request for Exclusion to:

> UTi Worldwide Inc. Securities Settlement
> EXCLUSIONS
> c/o KCC Class Action Services
> 3301 Kerner Blvd.
> San Rafael, CA 94901

You cannot exclude yourself on the phone, by fax, or by e-mail.  If you ask to be excluded, you are not eligible to receive any Settlement payment, and you cannot object to the Settlement, or any part of it.

**15.    If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No.  Unless you exclude yourself, you give up any right to sue the Defendants and the Releasees for all the Settled Claims in the Settlement.  If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is [ ], 2018.

**16.    If I Exclude Myself, Can I Get Money from this Settlement?**

No.  If you exclude yourself, do not send in a Proof of Claim.  However, you may sue, continue to sue, or be part of a different lawsuit, involving the Settled Claims against the Defendants.  Once you exclude yourself, you will receive no cash payment even if you also submit a Proof of Claim.

**THE LAWYERS REPRESENTING YOU**

**17.     Do I Have a Lawyer in this Case?**

The Court appointed Federman & Sherwood (Class Counsel) to represent you and other Class Members.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**18.     How Will the Lawyers Be Paid?**

To date, Plaintiffs' Counsel have not received any payment for their services in conducting this litigation on behalf of the Plaintiffs and the Class and have not been paid for their substantial out-of-pocket expenses.  Plaintiffs' Counsel, including Class Counsel, will ask the Court for an award of attorneys' fees not to exceed 28% of the Settlement Fund and for the reimbursement of out-of-pocket expenses not to exceed $625,000, which were incurred in connection with the Action.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

The attorneys' fees and expenses requested, to the extent they are awarded by the Court, will be the only payment to Plaintiffs' Counsel for their efforts in achieving the Settlement and for their risk in undertaking this representation on a wholly-contingent basis.  The fees requested, if awarded, will compensate Plaintiffs' Counsel for their work and risk in achieving the Settlement.  Plaintiffs' Counsel believe that these fees are well within the range of fees awarded to class counsel under similar circumstances in other cases of this type.

**19.     How Do I Tell the Court that I Do Not Like the Settlement?**

If you are a Class Member, you can object to the Settlement if you do not like any part of it, including the proposed Plan of Allocation, request for attorneys' fees and reimbursement of out-of-pocket expenses, and request for a reimbursement award to the Class Representative.  You can state why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a written objection saying that you object to the Settlement, or any part of it, in *Angley v. UTi Worldwide Inc., et al.*, No. 2:14-cv-02066-CBM-E.  Be sure to include: (a) your name, address, and telephone number; (b) your purchases and sales of UTi common stock, including the dates, the number of shares, and price paid or received per share of stock for each such purchase or sale; (c) your signature; and (d) the reasons for your objection.  Any Person who wishes to object to the Settlement, the Plan of Allocation, and/or the Fee and Expenses Application must file and serve an objection on or before [   ], 2018, to:

| **Clerk's Office** | **Counsel for Plaintiffs** | **Counsel for Defendants** |
|---|---|---|
| Clerk of Court<br>United States District Court<br>Central District of California<br>350 W. 1st Street<br>Los Angeles, CA 90012 | William B. Federman, Esq.<br>A. Brooke Murphy, Esq.<br>FEDERMAN & SHERWOOD<br>10205 N. Pennsylvania Ave.<br>Oklahoma City, OK 73120<br>Facsimile: (405) 239-2112 | Gary A. Bornstein, Esq.<br>Damaris Hernández, Esq.<br>CRAVATH, SWAINE & MOORE LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>Facsimile: (212) 474-3700 |

You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

If you file an objection to the proposed Settlement, proposed Plan of Allocation, and/or the Fee and Expense Application you also have a right to appear at the Settlement Hearing either in person or through counsel hired by you at your own expense. If you wish to be heard orally at the hearing in opposition to the approval of the proposed Settlement, the proposed Plan of Allocation, or the Fee and Expense Application, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Plaintiffs' Counsel at the address set forth above. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation and the Fee and Expense Application.

**20.    What is the Difference Between Objecting and Excluding?**

Objecting is telling the Court that you do not like something about the proposed Settlement or any part of it, including the proposed Plan of Allocation, and Fee and Expense Application. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class or the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

**21.    When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a hearing to decide whether to approve the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application (the "Settlement Hearing"). You may attend and you may ask to speak, but you do not have to.

The Settlement Hearing will take place at _____ a.m., on _____, 2018, at the United States District Court for the Central District of California, Courtroom # 8B, 8th Floor, 350 W. 1st Street, Los Angeles, CA 90012. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Marshall will listen to people who have asked to speak at the hearing. *See* Question 19, above. The Court will also decide whether to approve the proposed Plan of Allocation and the payment of fees and expenses to Plaintiffs' Counsel. The Court may decide these issues at the hearing or take them under consideration and decide them at a later time. We do not know how long these decisions will take.

The Court may adjourn or continue the Settlement Hearing without further notice to the Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Class Counsel.

**22.     Do I have to Come to the Hearing?**

No. Class Members do not need to attend the Settlement Hearing; thus, you are not obligated to attend. Class Counsel will answer any questions Judge Marshall may have. Moreover, the Court will consider any submission made in accordance with the provisions in this Notice even if the Class Member does not attend the hearing. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. *See* Question 18, above.

**23.     May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must send a letter saying that it is your intention to appear in *Angley v. UTi Worldwide, Inc. et al.*, No. 2:14-cv-02066-CBM-E. Be sure to include: (a) your name, address, and telephone number; (b) your purchases and sales of UTi common stock, including the dates, the number of shares, and price paid or received per share of stock for each such purchase or sale; and (c) your signature. Your notice of intention to appear must be filed with the Court at the address above (*see* Question 19) prior to the date of the Settlement Hearing, and be sent to the Plaintiffs' Counsel, and Defendants' Counsel, at the addresses below.

| <u>Counsel for Plaintiffs</u> | <u>Counsel for Defendants</u> |
|---|---|
| William B. Federman, Esq. <br> A. Brooke Murphy, Esq. <br> FEDERMAN & SHERWOOD <br> 10205 N. Pennsylvania Ave. <br> Oklahoma City, OK 73120 | Gary A. Bornstein, Esq. <br> Damaris Hernández, Esq. <br> CRAVATH, SWAINE & MOORE LLP <br> 825 Eighth Avenue <br> New York, NY 10019 |

You cannot speak at the hearing if you exclude yourself from the Class.

**24.     What Happens if I Do Nothing at All?**

If you do nothing, you will receive no money from the Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and other Releasees about the Settled Claims in this case.

**25.     How Do I Get More Information?**

This Notice is a summary and does not describe all of the details of the Stipulation of Settlement. For the precise terms and conditions of the proposed Settlement, you may review the Stipulation filed with the Court, as well as the other pleadings and records of the Action, which may be inspected during regular business hours, at the office of the Clerk of the Court, United

States District Court for the Central District of California, 350 W. 1st Street, Los Angeles, CA 90012, during regular business hours, or from Class Counsel's website, www.federmanlaw.com. Class Members without access to the internet may be able to review the Stipulation on-line at locations such as a public library.

For further information regarding the proposed Settlement you may contact:

| **Claims Administrator** | **Counsel for Plaintiffs** |
|---|---|
| UTi Worldwide Inc. Securities Settlement c/o KCC Class Action Services P.O. Box 404072 Louisville, KY 40233-4072 Toll Free: 1-xxx-xxx-xxxx www.UTiWorldwideSettlement.com | William B. Federman, Esq. A. Brooke Murphy, Esq. FEDERMAN & SHERWOOD 10205 N. Pennsylvania Ave. Oklahoma City, OK 73120 Telephone: (405) 235-1560 |

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

---

**SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES**

Bankers, brokers, and nominees ("Nominees") who held UTi common stock during the period March 28, 2013 through February 25, 2014, inclusive, for the beneficial ownership of another Person, shall send the Notice and the Proof of Claim to such beneficial owners within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of Claim to such beneficial owners. Nominees may obtain reimbursement for reasonable administrative costs actually incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator. Nominees who do not intend to comply with the provisions of this paragraph are requested to notify the Claims Administrator of that fact.

---

DATED: _____, 2018          BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**EXHIBIT A-2**

## PROOF OF CLAIM AND RELEASE

**Deadline for Submission:** _____

IF YOU PURCHASED THE COMMON STOCK OF UTI WORLDWIDE INC. ("UTI") DURING THE PERIOD MARCH 28, 2013 THROUGH FEBRUARY 25, 2014, INCLUSIVE (THE "CLASS PERIOD"), AND WERE DAMAGED AS A RESULT, YOU ARE A "CLASS MEMBER" AND MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE ("PROOF OF CLAIM") AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____ TO KCC, LLC, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

UTi Worldwide Inc. Securities Settlement
c/o KCC Class Action Services
P.O. Box 404072
Louisville, KY 40233-4072

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 201_ WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

### CLAIMANT'S STATEMENT

1. I (we) purchased common stock of UTi during the period March 28, 2013 through February 25, 2014, inclusive, and was (were) damaged as a result. (Do not submit this Proof of Claim if you did not purchase UTi common stock during the designated Class Period).

2. By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Class Member as defined above and in the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing Thereon (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Class Member(s) and the validity and amount of my (our) claim.

Page 1

4.  I (we) have set forth where requested below all relevant information with respect to each transaction in UTi common stock during the Class Period. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5.  I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of UTi stock listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER AS THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.  I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The requested information is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized claim.)

7.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) below shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Releasees" of all "Settled Claims," as defined in the Stipulation of Settlement.

8.  NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at info@UTiWorldwideSettlement.com or visit their website at www.UTiWorldwideSettlement.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## I. CLAIMANT INFORMATION

| | | |
|---|---|---|
| Name | | |
| Joint Name | | |
| Address | | |
| | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |
| Last four digits of Social Security Number (for individuals) | OR | Last four digits of Taxpayer Identification Number (for estates, trusts, corporations, etc.) |

## II. SCHEDULE OF TRANSACTIONS IN UTI COMMON STOCK

**Beginning Holdings:**

A.   State the total number of shares of UTi common stock owned at the close of trading on March 27, 2013, long or short (*if a net short position, enter a negative value).*

**Purchases During the Class Period:**

B.   Separately list each and every purchase of UTi common stock during the period from March 28, 2013 through February 25, 2014, inclusive, and provide the following information (*must provide documentation):*

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Purchases During the 90-Day Look Back Period:**

C.   State the total number of shares of UTi common stock purchased from February 26, 2014 through May 27, 2014, inclusive.  If none, write "zero" or "0".

**Sales:**

D.   Separately list each and every sale of UTi common stock during the period from March 28, 2013 through May 27, 2014, inclusive, and provide the following information (*must provide documentation*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**End Holdings:**

E.   State the total number of shares of UTi common stock owned at the close of trading on May 27, 2014. (*If other than zero, must provide documentation. If a net short position, enter a negative value*).

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification Number at the top of each sheet.**

## IV. CERTIFICATION

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (we) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

Page 4

_____

(Signature)

_____

(Capacity of person(s) signing, e.g. beneficial
purchaser(s), executor, administrator, trustee, etc.)

Date: _____

**THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN _____, 201\_ AND MUST BE MAILED TO:**

UTi Worldwide Inc. Securities Settlement
c/o KCC Class Action Services
P.O. Box 404072
Louisville, KY 40233-4072

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 201\_ and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

### REMINDER CHECKLIST

o   Please be sure to sign this Proof of Claim on page \_\_\_.  If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim or any supporting documents.

o   If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.

o   The Claims Administrator will acknowledge receipt of your Proof of Claim by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-xxx-xxx-xxxx\_.

o   If your address changes in the future, or if this Proof of Claim was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

o   If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the below address or at 1-xxx-xxx-xxxx, or visit www.UTiWorldwideSettlement.com.

**EXHIBIT A-3**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL J. ANGLEY, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:14-cv-02066-CBM-E |
| Plaintiff, | |
| v. | |
| UTI WORLDWIDE INC., et al., | |
| Defendants. | |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT
OF CLASS ACTION AND SETTLEMENT HEARING THEREON**

TO:     ALL PERSONS WHO PURCHASED THE COMMON STOCK OF UTI WORLDWIDE INC. ("UTI") DURING THE PERIOD MARCH 28, 2013 THROUGH FEBRUARY 25, 2014, INCLUSIVE.

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Central District of California, that Plaintiffs in the above-captioned litigation (the "Action") have reached a proposed settlement with Defendants for $13,000,000.00 in cash, plus interest earned (the "Settlement").

A hearing will be held on _____, 201_, at ____ a.m., before the Honorable Consuelo B. Marshall, United States District Judge, in Courtroom 8B of the United States District Court, Central District of California, at 350 W. 1st Street, Los Angeles, CA 90012 for the purpose of determining:  (1) whether the proposed Settlement of $13,000,000.00 in cash, plus any return thereon, should be approved by the Court as fair, just, reasonable, and adequate; (2) whether the Action should be dismissed with prejudice as against Defendants and Releasees as set forth in the Stipulation of Settlement dated as of August 7, 2018; (3) whether the Plan of Allocation is fair, reasonable, and adequate and, therefore, should be approved; (4) whether the application of Class Counsel for the payment of attorneys' fees and reimbursement of costs and expenses incurred in connection with the Action should be approved; (5) whether the application of the Class Representative for a reimbursement award for time and costs spent in supervising the litigation on behalf of the Class should be approved; and (6) such other matters as the Court may deem appropriate.

**If you purchased UTi's common stock during the period from March 28, 2013 through February 25, 2014, inclusive, your rights may be affected by the Settlement of the Action.** If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing Thereon (the "Notice") and a copy of the Proof of Claim, you may obtain copies by writing to *UTi Worldwide Inc. Securities Settlement*, c/o KCC Class Action Services, P.O. Box 404072, Louisville, KY 40233-4072 or by calling [_____].  You may

1

also obtain copies on the internet at www.UTiWorldwideSettlement.com.  Complete information concerning the Action may be obtained from the Court files on this matter.

If you are a member of the Class, in order to share in the distribution of the Net Settlement Fund, you must timely submit a Proof of Claim to the Claims Administrator's address provided above and postmarked no later than _____, 201_.  If you are a member of the Class and do not submit a proper Claim Form, you will not share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgment or orders entered by the Court.

If you desire to be excluded from the Class and the Settlement, you must submit to the Claims Administrator a request for exclusion, at UTi Worldwide Inc. Securities Settlement, EXCLUSIONS, c/o KCC Class Action Services, 3301 Kerner Blvd., San Rafael, CA 94901 and postmarked no later than _____, 201_, in the manner and form detailed in the Notice. If you properly exclude yourself from the Class, you will not be bound by any judgment or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objection to the proposed Settlement, the Plan of Allocation, and/or Fee and Expense Application must be filed in the manner detailed in the Notice with the Clerk of the Court and delivered to Class Counsel and Defendants' Counsel, such that it is received by each party no later than _____, 201_, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**  Any questions, should be directed to:

|  |  |
|---|---|
| **Claims Administrator:** | **Class Counsel:** |
| UTi Worldwide Inc. Securities Settlement | William B. Federman |
| c/o KCC Class Action Services | A. Brooke Murphy |
| P.O. Box 404072 | FEDERMAN & SHERWOOD |
| Louisville, KY 40233-4072 | 10205 N. Pennsylvania Avenue |
| 1-xxx-xxx-xxxx | Oklahoma City, OK 73120 |
| www.UTiWorldwideSettlement.com | (405) 235-1560 |

DATED: _____, 2018          BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT
                                       CENTRAL DISTRICT OF CALIFORNIA

2

# EXHIBIT B

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

MICHAEL J. ANGLEY, Individually and on Behalf of All Others Similarly Situated,

          Plaintiff,

    v.

UTI WORLDWIDE INC., et al.,

          Defendants.

Case No. 2:14-cv-02066-CBM-E

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated _____, 2018, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated August 7, 2018 (the "Stipulation").  Due and adequate notice having been given to the Class, and putative Class Members, as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Final Judgment and Order of Dismissal with Prejudice ("Order and Final Judgment" or "Judgment") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Action and over all Settling Parties, including all members of the Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement is fair, reasonable, and adequate as to each of the Settling Parties, and that the Settlement set forth in the Stipulation is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

5.      Accordingly, the Court authorizes and directs implementation of the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses with prejudice the Action and all claims contained

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL
Case No. 2:14-cv-02066-CBM-E

therein and all of the Settled Claims as against the Releasees, except as and to the extent provided in the Stipulation and herein.

6.     Upon the Effective Date hereof, and as provided in the Stipulation, Class Representative and each and all of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever remised, released, relinquished, and discharged all Settled Claims (including, without limitation, Unknown Claims and any claim that the Stipulation was fraudulently reduced), debts, demands, rights, actions, suits, causes of actions, or liabilities whatsoever (including, but not limited to, any and all claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation (whether foreign or domestic), whether class or individual in nature, against the Releasees, regardless of whether such Class Member executes and delivers the Proof of Claim form, except for claims relating to the enforcement of the Settlement.

7.     Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(f)(7), upon the Effective Date of the Settlement, the Releasees are discharged from all claims for contribution by any person or Entity, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Settled Claims of the Class or any Releasor.  Accordingly, to the full extent provided by the PSLRA, upon the Effective Date of the Settlement, the Court bars all claims for contribution:  (i) against the Releasees; and (ii) by the Releasees against any person or Entity other than any person or Entity whose liability to the Class has been extinguished pursuant to the Stipulation and this Judgment.  Any final verdict or judgment

obtained by or on behalf of Class Representative, the Class, or any Class Member shall be reduced as provided by the PSLRA.

8.     Upon the Effective Date hereof, and as provided in the Stipulation, each of the Releasees shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Class Representative, each and all of the Class Members and Class Counsel from Settled Defendants' Claims, and shall forever be enjoined from prosecuting such claims, except for claims relating to the enforcement of the Settlement.

9.     Each Class Member, whether or not such Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

10.     The Notice was disseminated and published in accordance with the Preliminary Approval Order.  The form and method of notifying the Class of the pendency of the Action and the terms and conditions of the proposed Settlement satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the PSLRA, due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all Class Members and putative Class Members.  Class Counsel has filed with the Court proof of mailing of the Notice and Proof of Claim and proof of publication of the Publication Notice.

11.     The Plan of Allocation is approved as fair and reasonable, and Class Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

12.     Neither the Stipulation nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed

or document executed pursuant to or in furtherance of the Stipulation or the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Action or of the validity of any Released Claim, or of any wrongdoing or liability of the Releasees; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Releasees in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or forum or tribunal in which the Releasees are or become parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Class Representative were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Releasees, Class Representative, Class Members, and their respective counsel may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The Settling Parties may file the Stipulation and/or this Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or the Judgment.

13.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over:  (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses and interest in the Action; and (d) all

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL
Case No. 2:14-cv-02066-CBM-E

Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

14.    The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11(b) of the Federal Rules of Civil Procedure.

15.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16.    Without further approval from the Court, the parties are authorized to agree to and adopt such amendments and modifications of the Stipulation as (a) shall be consistent in all material respects with this Judgment, and (b) do not materially limit the rights of Class Members.  Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17.    As there is no just reason for delay in the entry of this Final Judgment and Order of Dismissal with Prejudice, the Court hereby directs that this Final Judgment and Order of Dismissal with Prejudice be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b).  The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this Judgment fully and finally adjudicates the claims of the Class against Defendants in this Action, it allows consummation of the Settlement, and will expedite the distribution of the Settlement proceeds to the Class Members.

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL
Case No. 2:14-cv-02066-CBM-E

18.   The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _____                    _____

Honorable Consuelo B. Marshall
United States District Judge

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL
Case No. 2:14-cv-02066-CBM-E