UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 14-02066-CBM-E | Date | August 31, 2018 |
|---|---|---|---|

| Title | Michael J. Angley v. UTI Worldwide, Inc. et al. |
|---|---|

Present: The Honorable    CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:**   IN CHAMBERS- ORDER AND NOTICE TO PARTIES RE: MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

The matter before the Court is Plaintiff's Unopposed Motion For Preliminary Approval of Class Action Settlement (the "Motion"), which is set to be heard on September 4, 2018.   (Dkt. No. 132.)

The parties shall be prepared to address the following at the hearing on the Motion:

(1) why a claimant's pro rata share of the Net Settlement Fund that is less than $10 will not be paid;

(2) whether attorneys' fees exceeding the 25% benchmark would be reasonable;

(3) whether the $20,000 sought as "reimbursement" to the Class Representative is for reasonable costs and expenses directly relating to the representation of the class, and whether there is evidence such costs and expenses were incurred;

(4) the experience of KCC, LCC in administering settlements and class notices, including in securities cases;

(5) the estimated expenses to be incurred by the claims administrator in administering the settlement and providing notice to the class;

(6) whether it is reasonable and fair for Defendant Uti to be paid for charges, fees or expenses incurred for providing information in electronic searchable format from UTi's transfer records concerning the identity of putative Class Members, from the Settlement Fund, and an estimated amount for such charges, fees and expenses;

(7) the method any leftover/unclaimed funds will be distributed (e.g., *cy pres*);

(8) whether Defendants have provided notice pursuant to 28 U.S.C. § 1715;

(9) the meaning of the terms "reasonable effort(s)" and "promptly" as used in ¶ 6 of the Proposed

Order Granting Preliminary Approval;

(10) who determines the "reasonable and actual expense" incurred by a record holder for sending the notice and proof of claim form to beneficial owners as set forth in ¶ 6 of the Proposed Order Granting Preliminary Approval;

(11) why *Investor's Business* and *PR Newswire* were selected for the publication notice, and how these sources provide class members with the best notice practicable;

(12) whether information regarding the potential damages per share should be included in the class notice as required under 15 U.S.C. § 78u-4(a)(7)(B);

(13) whether the publication notice must include the information required under 15 U.S.C. § 78u-4(a)(7);

(14) what other documents may be "deemed acceptable" and how information regarding other "acceptable" documents will be communicated to class members as set forth in ¶ 15(a) of the Settlement Agreement;

(15) what "in a timely fashion" means as used in paragraph 15(d) of the Settlement Agreement re: notice to the claimant regarding any proposed rejection of a claim;

(16) the amount of time a claimant has to "remedy curable deficiencies in the proof of claim form" as set forth in ¶ 15(d) of the Settlement Agreement;

(17) whether it is fair and reasonable to deem an objection valid only if the class member identifies all witnesses and exhibits intended to be introduced into evidence at the final approval hearing in a written objection;

(18) whether it is fair and reasonable to preclude a class member from appearing at the final approval hearing if the class member fails to indicate in the written objection that the class member intends to appear at the final approval hearing;

(19) whether it is fair and reasonable to preclude a class member from appearing at the final approval and to deem an objection waived if a class member fails to follow the procedures outlined in §15 of the Proposed Order Granting Preliminary Approval and/or the proposed notice to the class; and

(20) whether class members should be required to file a notice of appearance with the clerk's office in order to be heard at the final approval hearing.

The parties shall also bring a copy of the Supplemental Agreement Regarding Requests for Exclusion to the hearing.

**IT IS SO ORDERED.**