1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

MICHAEL J. ANGLEY, Individually
and on Behalf of All Others Similarly
Situated,

          Plaintiff,

    v.

UTI WORLDWIDE INC., et al.,

        Defendants.

Case No. 2:14-cv-02066-CBM-E

**ORDER GRANTING
PRELIMINARY APPROVAL OF
SETTLEMENT**

WHEREAS, on August 7, 2018, the parties to the above-captioned action (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of claims asserted in the Action and in the Third Amended Complaint, dated December 29, 2017 (the "Complaint"), on the merits and with prejudice; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meaning defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this fifth day of September, 2018, that:

1.     The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, as fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing described below.

2.     A Settlement Hearing shall be held before this Court on February 26, 2019, at 10:00 a.m., at the United States District Court for the Central District of California, Western Division, before the Honorable Consuelo B. Marshall, for the following purposes:

(a)     to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court;

(b)     to determine whether the Judgment as provided for under the Stipulation should be entered, dismissing the Complaint filed herein on the merits and with prejudice, and to determine whether the release by the

Releasors of the Settled Claims as set forth in the Stipulation, should be provided to the Releasees;

(c)   to determine whether the proposed Plan of Allocation should be approved;

(d)   to consider Class Counsel's application for an award of attorney's fees and expenses;

(e)   to determine any award to Class Representative pursuant to 15 U.S.C. § 78u-4(a)(4); and

(f)   to consider such other matters the Court deems appropriate.

3.   The Settlement Hearing may be adjourned by the Court without notice to the Class other than by announcement of the adjournment at the scheduled time of the Settlement Hearing or at the scheduled time of any adjournment of the Settlement Hearing.  The Court may consider modifications of the Settlement (with the consent of Class Representative and Defendants) without further notice to the Class.

4.   The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind.  The Court further reserves the right to enter its Judgment approving the Stipulation and dismissing the Complaint on the merits and with prejudice regardless of whether the Court has approved the Plan of Allocation or awarded attorneys' fees and expenses.

5.   The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing Thereon ("Notice") and Proof of Claim form, substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively.

6.      Class Counsel is hereby authorized to retain KCC, LLC (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims.  The Claims Administrator shall cause the Notice and Proof of Claim, substantially in the forms annexed hereto as Exhibits A-1 and A-2, to be mailed, by first-class mail, postage prepaid, on or before fourteen (14) calendar days after the date of entry of this Order (the "Notice Date"), to all Class Members who can be identified with reasonable effort.  In accordance with the Stipulation, not later than seven (7) calendar days after the date of entry of this Order, UTi shall provide to the Claims Administrator, for the purpose of identifying and giving notice to the Class, information in electronic searchable format from UTi's transfer records, concerning the identity of putative Class Members.  The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased UTi's common stock during the Class Period as record owners but not as beneficial owners.  Such nominee purchasers are directed within ten (10) calendar days of their receipt of the Notice:  (i) to provide the Claims Administrator with the lists of the names and addresses of their beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim forms promptly to such identified beneficial owners; or (ii) to request additional copies of the Notice and Proof of Claim form from the Claims Administrator and to mail the Notice and Proof of Claim forms directly to beneficial owners within ten (10) calendar days of receipt of such copies.  Nominee purchasers who elect to send the Notice and Proof of Claim forms to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was as directed.  Additional copies of the Notice and Proof of Claim forms shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners,

-4-

and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable and actual expense of sending the Notice and Proof of Claim forms to beneficial owners.  Class Counsel shall file with the Court proof, by affidavit or declaration, of mailing of the Notice and Proof of Claim forms no later than February 12, 2019.

7.    The Court approves the Publication Notice of the pendency of this Action and the proposed Settlement in substantially the form and content annexed hereto as Exhibit A-3 and directs Class Counsel to cause the Publication Notice to be published once in *Investor's Business Daily* and to be transmitted once over *PR Newswire* within seven (7) calendar days of the Notice Date.  Class Counsel shall file with the Court proof, by affidavit or declaration, of publication of the Publication Notice no later than February 12, 2019.

8.    The form and content of the notices, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rule of Civil Procedure, Section 21(D)(a)(7) requirements of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

9.    Defendants shall, if they have not already, provide notice of the proposed Settlement to the appropriate state and federal officials as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

10.    Members of the Class who wish to participate in the Settlement and receive a distribution from the Net Settlement Fund must complete and submit a

ORDER GRANTING
PRELIMINARY APPROVAL
Case No. 2:14-cv-02066-CBM-E

Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be submitted no later than ninety (90) calendar days after the Notice Date. Each Proof of Claim shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when it was actually received by the Claims Administrator. Notwithstanding the foregoing, Class Counsel may, at its discretion, accept for processing late claims provided that such acceptance does not delay the distribution of the Net Settlement Fund to the Class.

11.    Any member of the Class who does not submit a Proof of Claim form in the manner stated in this Order, unless otherwise ordered by the Court or allowed by Class Counsel in their discretion, shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund, and shall forever be barred from sharing in the Net Settlement Fund. Any such Class Member, however, in all other respects shall be subject to and bound by all of the terms of the Settlement, including the terms of the Stipulation and the Judgment and the releases provided for by the Stipulation and the Judgment, unless such individual or Entity has timely submitted a valid request to be excluded from the Settlement Class in the manner required by this Order.

12.    Any Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If any Class Member does not enter an appearance, he, she, or it will be represented by Class Counsel.

13.    Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons or entities

ORDER GRANTING
PRELIMINARY APPROVAL
Case No. 2:14-cv-02066-CBM-E

request exclusion from the Class in a timely and proper manner, as hereinafter provided. A putative Class Member wishing to make such request must mail the request in written form by first-class mail to the address designated in the Notice such that it is received no later than twenty-one (21) calendar days before the Settlement Hearing. Such request must clearly indicate the name, address, and telephone number of the person seeking exclusion, must clearly indicate that the sender requests to be excluded from the Class in the *Michael J. Angley, et al. v. UTi Worldwide Inc., et al*, No. 2:14-CV-2066-CBM-E (C.D. Cal.) matter, and must be signed by such persons. Such persons requesting exclusion must also state the date(s) and corresponding price(s) and number(s) of shares of all purchases and sales of UTi common stock.

14.     Class Members who timely and validly exclude themselves from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

15.     Class Counsel shall submit their papers in support of final approval of the Settlement, the proposed Plan of Allocation and their application for attorneys' fees and expenses no later than thirty (30) calendar days before the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing. Any Class Member may be heard and/or appear at the Settlement Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate, and why the Judgment should not be entered thereon; why the proposed Plan of Allocation should not be approved as fair, reasonable, and adequate; or why Class Counsel should not be awarded attorneys' fees and payments of expenses in the amounts sought by Class Counsel; *provided, however,* that unless the Court orders otherwise, no Class Member shall be heard

or be entitled to contest the approval of the terms and conditions of the proposed Settlement, the Judgment to be entered, the proposed Plan of Allocation or Class Counsel's application for an award of attorneys' fees and payment of expenses, unless on or before twenty-one (21) calendar days before the Settlement Hearing, the Class Member has filed objections, papers, and briefs (showing due proof of service upon all below-listed counsel) with the Clerk of the Court, and has served by hand or by first-class mail written objections and copies of any supporting papers and briefs (which must contain proof of purchase of UTi common stock during the Class Period) upon:

> William B. Federman
> FEDERMAN & SHERWOOD
> 10205 N. Pennsylvania Ave.
> Oklahoma City, OK 73120
> Telephone:  405-235-1560
> Facsimile:  405-239-2112
> wbf@federmanlaw.com
>
> *Class Counsel*
>
> Gary A. Bornstein
> CRAVATH, SWAINE & MOORE LLP
> 825 Eighth Avenue
> New York, NY 10019
> Telephone: (212) 474-1000
> Facsimile: (212) 474-3700
> gbornstein@cravath.com
>
> *Counsel for Defendants*

Attendance at the hearing is not necessary; however, persons or entities wishing to be heard orally in opposition to the approval of the Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees are required to indicate in their

written objection their intention to appear at the hearing.  Persons or entities who intend to object to the Settlement, the proposed Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

16.     Unless the Court orders otherwise, any Class Member who does not object to the Settlement, the proposed Plan of Allocation, and/or Class Counsel's application for an award of attorneys' fees and expenses in the manner prescribed in this Order and in the Notice shall be deemed forever to have waived such objection and shall forever be barred from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application of Class Counsel for an award of attorneys' fees and expenses or from otherwise being heard concerning these subjects in this or any other proceeding.

17.     Pending final determination of whether the Settlement should be approved, the Plaintiffs, all Class Members, and Releasors, and anyone who acts or purports to act on each of their behalf, are enjoined from initiating, continuing, filing, or otherwise prosecuting any action which asserts any of the Settled Claims against any Releasees (including, without limitation, in any individual, class or putative class, representative, or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum between now and entry of the Judgment or termination of the Stipulation, whichever occurs earlier.  This stay and injunction is necessary to protect and effectuate the Stipulation, the Settlement, this Preliminary Approval Order, and the Court's flexibility and

ORDER GRANTING
PRELIMINARY APPROVAL
Case No. 2:14-cv-02066-CBM-E

authority to effectuate the Stipulation and to enter the Judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments. Pending the Settlement Hearing, the Court stays all proceedings in the Action, other than those proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

18.     This Order, the Settlement, and any of their terms, and all negotiations, discussions, and proceedings in connection with this Order and the Settlement, shall not constitute evidence, or an admission by any of the Defendants or the other Releasees, that any acts of wrongdoing have or have not been committed and shall not be deemed to create any inference that there is or is not any liability on the part of any of the Defendants or Releasees.  This Order, the Settlement, and any of their terms, and all negotiations, discussions, and proceedings in connection with this Order and the Settlement, shall not be offered or received in evidence against Plaintiffs, Defendants, the Releasees, the Releasors, or their counsel, in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of this Order and/or the Settlement.

19.     As provided in the Stipulation, prior to the Effective Date of the Settlement, Class Counsel may reimburse the Claims Administrator for the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Settlement Fund without further order of the Court.

20.     If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Class Representatives or Defendants elect to terminate the Settlement as provided in the Stipulation, then, in any such event, the Stipulation,

ORDER GRANTING
PRELIMINARY APPROVAL
Case No. 2:14-cv-02066-CBM-E

including any amendment(s) thereof, and this Preliminary Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or Entity, and each party shall be restored to his, her, or its respective position as it existed prior to May 30, 2018.

21.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: September 5, 2018.

Honorable Consuelo B. Marshall
United States District Judge

ORDER GRANTING
PRELIMINARY APPROVAL
Case No. 2:14-cv-02066-CBM-E