| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION | |
| MICHAEL J. ANGLEY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UTI WORLDWIDE INC., et al.,<br><br>Defendants. | Case No. 2:14-cv-02066-CBM-Ex<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE [JS-6]** |

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated September 5, 2018, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated August 7, 2018 (the "Stipulation"). Due and adequate notice having been given to the Class, and putative Class Members, as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment and Order of Dismissal with Prejudice ("Order and Final Judgment" or "Judgment") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all Settling Parties, including all members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement is fair, reasonable, and adequate as to each of the Settling Parties, and that the Settlement set forth in the Stipulation is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

5. Accordingly, the Court authorizes and directs implementation of the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses with prejudice the Action and all claims contained

therein and all of the Settled Claims as against the Releasees, except as and to the extent provided in the Stipulation and herein.

6. Upon the Effective Date hereof, and as provided in the Stipulation, Class Representative and each and all of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever remised, released, relinquished, and discharged all Settled Claims (including, without limitation, Unknown Claims and any claim that the Stipulation was fraudulently reduced), debts, demands, rights, actions, suits, causes of actions, or liabilities whatsoever (including, but not limited to, any and all claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation (whether foreign or domestic), whether class or individual in nature, against the Releasees, regardless of whether such Class Member executes and delivers the Proof of Claim form, except for claims relating to the enforcement of the Settlement.

7. Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(f)(7), upon the Effective Date of the Settlement, the Releasees are discharged from all claims for contribution by any person or Entity, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Settled Claims of the Class or any Releasor. Accordingly, to the full extent provided by the PSLRA, upon the Effective Date of the Settlement, the Court bars all claims for contribution: (i) against the Releasees; and (ii) by the Releasees against any person or Entity other than any person or Entity whose liability to the Class has been extinguished pursuant to the Stipulation and this Judgment. Any final verdict or judgment obtained by or on behalf of Class

Representative, the Class, or any Class Member shall be reduced as provided by the PSLRA.

8. Upon the Effective Date hereof, and as provided in the Stipulation, each of the Releasees shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Class Representative, each and all of the Class Members and Class Counsel from Settled Defendants' Claims, and shall forever be enjoined from prosecuting such claims, except for claims relating to the enforcement of the Settlement.

9. Each Class Member, whether or not such Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

10. The Notice was disseminated and published in accordance with the Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action and the terms and conditions of the proposed Settlement satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the PSLRA, due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all Class Members and putative Class Members. Class Counsel has filed with the Court proof of mailing of the Notice and Proof of Claim and proof of publication of the Publication Notice.

11. The Plan of Allocation is approved as fair and reasonable, and Class Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

12. Neither the Stipulation nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or

document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Action or of the validity of any Released Claim, or of any wrongdoing or liability of the Releasees; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Releasees in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or forum or tribunal in which the Releasees are or become parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Class Representative were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Releasees, Class Representative, Class Members, and their respective counsel may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Stipulation and/or this Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or the Judgment.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses and interest in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

14. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11(b) of the Federal Rules of Civil Procedure.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. Without further approval from the Court, the parties are authorized to agree to and adopt such amendments and modifications of the Stipulation as (a) shall be consistent in all material respects with this Judgment, and (b) do not materially limit the rights of Class Members. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. As there is no just reason for delay in the entry of this Final Judgment and Order of Dismissal with Prejudice, the Court hereby directs that this Final Judgment and Order of Dismissal with Prejudice be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b). The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this Judgment fully and finally adjudicates the claims of the Class against Defendants in this Action, it allows consummation of the Settlement, and will expedite the distribution of the Settlement proceeds to the Class Members.

18. The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: February 28, 2019

_____
Honorable Consuelo B. Marshall
United States District Judge